HALVER OLESON,

*v.*

JOSEPH D. NEWELL.

In the action of "claim and delivery," notwithstanding the property claimed has been returned to the plaintiff, he is entitled (upon an answer admitting such property, to be in him and a wrongful detention) to a judgment adjudging the right of property and awarding nominal damages at least.

Plaintiff brought his action in the district court for Fillmore county, for the return of a colt alleged to be of the value of $140, claimed by the plaintiff, and demanded judgment for the return of the property, and for damages for detention of the same. The plaintiff gave the usual bond, and the sheriff replevied the colt. The defendant having taken the necessary proceedings, demanded a return of the colt, and the sheriff re-delivered the same to the defendant. The defendant answered by a general denial. After answering, the defendant delivered the colt to the plaintiff. After the delivery of the colt to the plaintiff, the defendant served upon the plaintiff an offer to allow judgment to be taken against him for the sum of eight dollars damages, besides costs, to the date of the offer, which offer was not accepted. The cause came on for trial at a general term of said court in November, 1865. After a jury was called and sworn, defendant obtained leave to, and did file an amended answer admitting the detention of the colt for a few days, supposing that the colt was his property, but that as soon as he discovered his mistake, and that the colt belonged to the plaintiff,

Oleson v. Newell.

he returned the same to him, and alleges that no damage has accrued to the plaintiff, and demands judgment for costs. It was admitted on the trial that the colt belonged to plaintiff when the action was commenced, and was of the value of $140, and that the same had been returned to plaintiff. The plaintiff offered to prove the damages sustained by reason of the detention of the colt, which was objected to by defendant on the ground that there is no allegation of damages in the complaint. The objection was sustained and plaintiff was not allowed to prove any damages whatever, but insisted that damages must necessarily be found, whether asked for or not. The court directed the jury to find for the defendant, and under such direction the jury found a verdict as follows : " We find for the defendant." Judgment was perfected on such verdict, and the plaintiff appeals to this court.

G. E. Dexter, for Appellant.

I.—Where title to personal property is in issue, the verdict of a jury in replevin, " We find for the defendant," is a nullity, and no judgment can be rendered thereon. Such a verdict might be good, where the sole issue is " *non cepit*" not otherwise. 1 *Wis.* 17 ; 2 *Chand.* 160 ; 6 *Hill*, 277 ; *Ib.* 613 ; 5 *Denio*, 21 ; 4 *Wis.* 150 ; 7 *Ham*, 232 ; *J. J. Marsh*, 121 ; 7 *N. H.* 178 ; 23 *Wend.* 490 ; 4 *Barb.* 36 ; 9 *Met. (Ky.)* 499 ; 12 *Ind.* 404 ; 28 *Miss.* 360 ; 3 *Wend.* 667.

II.—The general denial in this case puts in issue the title to the property—the wrongful detention, and the value. The verdict is defective in substance. No judgment can be rendered thereon. *Statutes 562, sec. 34 read in connection with Laws 1863, Ch. 27, p.* 70 ; 3 *Wis.* 401 ; 4 *Ib.* 150 ; 7 *Ib.* 211 ; *Ib.* 627 ; 5 *Denio*, 21 ; 3 *Wis.* 99. Omission to find damages for detention fatally bad. 10 *Wis.* 415.

III.—A verdict must pass upon all the issues presented by the pleadings, otherwise a judgment founded upon it will be reversed. 7 *Wis.* 212; 9 *Wis.* 246, *and cases there cited*; *Statutes*, 557, *sec* 6; 6 *Minn.* 177.

IV.—Even if the verdict was sufficient, the judgment must be reversed—1st. Because it does not in any respect conform to *Ch.* 27, *Laws* 1863, *p.* 70. 2d. Because where the statute prescribes (as in replevin) a particular form of judgment to be pronounced in favor of a party, courts cannot depart from it. 7 *Wis.* 213; 5 *Selden*, 470; *Ib.* 559. Much less can a court (as was done in this case) render a judgment without any reference whatever to the statute. 2 *Wis.* 17; 4 *Ib.* 152.

V.—The simple judgment that " defendant recover his costs " is erroneous. In this case defendant could not have judgment for costs, except he had judgment for possession of the property, or its value, and damages for detention. The jury found no facts upon which such a judgment (as prescribed in *Ch.* 27, *Laws* 1863,) could be founded. Hence the court did not give such judgment—and hence the court could not give the judgment appealed, to-wit: "That defendant recover his costs." For this reason we again see that this verdict was a nullity.

VI.—Even if there was no statute prescribing what the judgment in replevin shall be, the judgment in this case "that defendant recover his costs," is erroneous. The jury found no fact from which the court could draw a conclusion of law, that he was entitled to costs, as required by *Statutes, p.* 561, *sec.* 34. Upon general legal principles, the defendant could not in this case recover his costs except he had judgment awarding him the property.

VII.—Defendant claims that the amended answer filed on day of trial, admitted the material allegations of the complaint, though it does not, and claims that the only issue pre-

Oleson v. Newell.

sented by the pleadings was that of damages for detention. If this is so, then on the pleadings plaintiff must have judgment confirming his title to the property, and by statute a judgment for damages and costs. But here the verdict comes in and shuts the mouth of the court. The court cannot render such a judgment as by law plaintiff is entitled to, because the jury have omitted to assess the damages. Hence no judgment can be rendered on this verdict. Where plaintiff is at the time of the judgment already in possession of the property, if he succeeds in the suit, he merely takes a judgment to confirm his possession and for his damages and costs. 5 *Selden*, 470.

VIII.—A motion to set aside a verdict and for new trial was made; motion denied. The court on appeal from the *judgment* will review the order denying new trial. 6 *Minn.*, 535.

N. P. Colburn, for Respondent.

I.—The pleadings in this case presented no issue for a jury to try; no evidence was offered, and in the absence of instructions to find special facts, the verdict was regular, and sufficient to sustain a judgment for costs. A general verdict for either party must carry costs unless otherwise ordered by the court. *Comp. Stat., chap. 62, secs. 2 and 4.*

II.—The plaintiff could have derived no benefit from a judgment of affirmance, either of title or right of possession, as both are admitted by the amended answer, and he was in actual possession by consent of defendant. But if plaintiff claimed such a judgment, and desired to obtain it, he should have asked the court to instruct the jury to find specially the facts warranting it, and failing to do so, cannot now complain. *Comp. Stat., p. 561, sec. 35.*

III.—It was not error for the court to refuse to allow proof of damages, as none were alleged. Neither was it error to direct the jury to find for defendant, as plaintiff had already obtained all that he claimed; but even if such ruling or direction, or both, were erroneous, the plaintiff took no exceptions in either case, and will therefore be deemed to have assented thereto, and cannot now object. Neither will this court review alleged errors not excepted to in due form. 3 *Minn.*, 134; 5 *Minn.*, 141; 7 *Minn.*, 267; 18 *N. Y.*, 558; *Comp. Stat., page* 564, *secs.* 55 *and* 56; *Howard's Practice Reports*, 481.

IV.—Plaintiff having rejected defendant's offer of judgment for eight dollars' damages and costs, could in no case recover costs unless he recovered a larger amount of damages, but must pay defendant's costs from the time of such offer. *Comp. Stat., sec.* 8, *p.* 626. And as plaintiff could in no case under the pleadings have judgment for more than nominal damages, defendant would still be entitled to costs.

V.—The judgment is for costs only, which were duly taxed by the clerk; and if he erred in such taxation, either as to the amount or the party against whom they should be taxed, the party aggrieved must appeal to the Judge of the District Court, and this court will never review the question, except on appeal from the order of such Judge. 3 *Minn.*, 347.

VI.—If error has been committed in this case, it cannot be corrected by appeal. The proper remedy when a party enters a judgment not warranted by the verdict is by an application to the Court in which it is entered, to correct the record, or vacate the erroneous judgment, and not by appeal or writ of error. 3 *Minn.*, 134, *and cases there cited;* 28 *Barb.*, 666.

*By the Court*—BERRY, J. This is an action of "claim and delivery." The *amended* answer was, we take it, a substitute

Oleson v. Newell.

for the *original* answer, and after it was allowed to be filed, the only answer in the case. By its silence, if not otherwise, this amended answer admits the plaintiff's property in the colt, and it expressly admits the unauthorized and wrongful detention. These admissions were orally reiterated upon the trial in open court. Notwithstanding the property had been returned to the plaintiff, he was entitled under this state of facts to a verdict, and judgment determining the right of property to be in him, and awarding him at least nominal damages. The offer to allow judgment, even if it had been in proper form, could only affect the costs and not the plaintiff's right to a judgment. But the offer obviously failed to come up to the requirements of the statute regulating that subject. *Pub. Stat.*, *p.* 626, *sec.* 8. It did not propose to allow judgment to be taken adjudging the title of the property in question, and that was the *main* matter in litigation. It was therefore, we think, ineffectual for any purpose. Upon the face of the record then, and without reference to the mistaken direction given to the jury by the court below, the judgment is clearly erroneous, and must be reversed, and the case remanded for a new trial.