---

### In re PECK.

(District Court, D. Connecticut. February 19, 1903.)

#### No. 960

1. BANKRUPTCY—SPECIFICATION OF OBJECTIONS TO DISCHARGE—VERIFICATION.

The verification of specifications of objection to the discharge of a bankrupt by the attorney for the objecting creditors, who states under oath that "the matters alleged above are true, to the best of his knowledge and belief," is sufficient.

2. SAME—SUFFICIENCY—AMENDMENT.

So-called specifications of objection to the discharge of a bankrupt which merely state the grounds for refusing a discharge in the language of the statute, without any attempt to specify any particular act of the bankrupt, are wholly insufficient, and no evidence can be received thereunder, nor do they afford any basis for amendment.

3. SAME—APPLICATION FOR LEAVE TO AMEND.

Leave to amend the specifications filed in opposition to the discharge of a bankrupt can only be granted by the judge.

In Bankruptcy. On questions certified by referee.

The following proceedings were had before the referee, George A. Kellogg, on the petition of the bankrupt for discharge:

#### "Specification of Objections to Discharge.

"John R. Booth, of Burlington, Vermont, and the Berlin Mills Company, a corporation organized under the laws of the state of Maine, and having an office and place of business in the city of Portland, Maine, parties interested in the estate of said H. H. Peck, bankrupt, do hereby oppose the granting to him of a discharge from his debts, and for the grounds of such opposition do file the following specifications:

"(1) That the said H. H. Peck, with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, destroyed, concealed, and failed to keep books of account or records from which his true financial condition might be ascertained.

"(2) That the said H. H. Peck has committed an offense punishable by imprisonment as provided in the act of Congress in such case made and provided: (a) In that he, the said H. H. Peck, did conceal, while a bankrupt, from his trustee, property belonging to his estate in bankruptcy. (b) In that he has made a false oath in relation to a proceeding in this case.

"Dated at Hartford this 20th day of December, A. D. 1902.

"John R. Booth, The Berlin Mills Company, Creditors,
"By Benedict M. Holden, Their Attorney."

"State of Connecticut, Hartford County. ss.—Hartford, Dec. 20th, 1902.

"Personally appeared Benedict M. Holden, who made oath and says that he is the attorney for the creditors above named, and that the matters alleged above are true, to the best of his knowledge and belief, before me,
"Kate F. Wolfe, Notary Public. [L. S.]"

### "Demurrer to Specifications.

"The petitioner demurs to the specifications filed in the above-named matter, and for reasons thereof assigns the following, to wit: (1) Said specifications are not verified by the oath of the creditor or creditors presenting them. (2) Said specifications are not signed by the creditor or creditors presenting them. (3) Said specifications are signed in the name of John R. Booth and the Berlin Mills Company, creditors, by their attorney, and are not verified either by the positive oath of said creditors or either of them, or by said attorney, but only upon the knowledge and belief of said attorney. H. H. Peck,
"By Wm. C. Hungerford, His Attorney."

### Memorandum of Decision Denying Motion to Dismiss Specifications.

On December 27, 1902, the bankrupt filed a demurrer to the specifications of objections filed by the objecting creditors December 20, 1902, assigning as reasons for demurrer that said specifications were not signed by creditors and were not verified by the oath of creditors, and that the verification by the attorney for the creditors was not sufficiently positive in form.

Since the demurrer objects to the form of the specifications, it is equivalent to a motion to dismiss the specifications for the reasons stated, and will be so considered. Said specifications were signed and verified under oath by Benedict M. Holden, as attorney for John R. Booth and the Berlin Mills Company, creditors of said bankrupt; the said Holden being an attorney at law who has been admitted to practice in the United States District Court, and who had duly entered his appearance for said creditors in opposition to the petition for discharge. In view of subdivision 9 of section 1 of the bankruptcy law of 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]), which provides that "'creditor' shall include anyone who owns a demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy"; and of General Orders in Bankruptcy, No. 4, which provides that "every party may appear and conduct the proceedings by attorney, who shall be an attorney or counsellor authorized to practice in the circuit or district court"; and in reliance upon the decision of the Circuit Court of Appeals of the Eighth Circuit in In re Gasser, 5 Am. Bankr. Rep. 32, 44 C. C. A. 20, 104 Fed. 537, a case exactly in point, I am of the opinion that the signature by Attorney Holden is sufficient; and, since nothing in the law or in the general orders requires pleadings to be verified by the creditor personally, it follows that the verification by the attorney is sufficient. Indeed, in the present case, where the creditors themselves are at a distance, and the attorney is more familiar than they can possibly be with the facts in the case, he is better qualified to verify pleadings than his clients.

The objection raised by the motion that the oath is not positive seems not well taken, since said oath is in the usual form (the identical form of the oath made by the bankrupt himself in his petition for adjudication), and is as positive as any language could make it.

The motion to dismiss is denied.

### "Demurrer to Specifications.

"The petitioner demurs to the specifications filed in the above-named matter, and for reasons thereof assigns the following, to wit:

"(1) Said specifications are not sufficiently specific, and do not inform the bankrupt of the particular grounds of the opposition to his discharge.

"(2) Paragraph 1 of said specifications does not state what books of account or records the petitioner destroyed, concealed, or failed to keep, or in what way his true financial condition could not be ascertained.

"(3) Paragraph 2 (a) does not state what property, or the amount thereof,

or where the same was located, that the petitioner concealed from his trustee belonging to his estate in bankruptcy.

"(4) Said specifications do not state in paragraph 2 (b) any particulars representing said alleged false oath, nor set forth the proceeding in relation to which said alleged false oath was made.

"H. H. Peck,

"By Wm. C. Hungerford, His Attorney."

### Memorandum of Decision on Demurrer to Specifications.

The bankrupt's demurrer filed January 12, 1903, properly raises the question of the sufficiency of the allegations of the specifications of objections. The two objections stated in the second count of the specifications are defective in that they omit the essential allegation that the acts charged were knowingly and fraudulently done. The rule here stated was applied by Judge Coxe, in the District Court for the Northern District of New York, in the case of In re Pierce, 4 Am. Bankr. Rep. 554, 103 Fed. 64, which case is still authority in this circuit.

Both of said allegations here mentioned, and the remaining allegation of the specifications, namely, that the bankrupt failed to keep proper books of account, are further and fatally defective because they do not inform the bankrupt of the particular charge against him, and do not state facts from which the court can understand any issue.

In the case of In re Hixon, 1 Am. Bankr. Rep. 610, 93 Fed. 440, Judge Woolson, of the Southern District of Iowa, held that allegations of objections to the bankrupt's discharge must not only be stated in the general words of the statute, or their equivalents, but must also include a statement of facts sufficient to point out the exact charge against the bankrupt, and to show that the act charged against him is clearly within the class defined by the general words. This decision has been followed by a line of cases in other districts, and the same rule has been established in this circuit in the case of In re Matthew McNamara, 2 Am. Bankr. Rep. 567, by Morris S. Wise, referee, the referee's report having been affirmed by Judge Addison Brown, of the Southern District of New York, June 29, 1899.

With regard to the allegation of failure to keep books, it has been held in one or two cases that the general words of the statute describing the offense are sufficient for the introduction of evidence where the intent is to allege that the bankrupt kept no books at all. In the present case, however, the attorney for the objecting creditors examined the bankrupt, and the bankrupt's books, consisting of ledgers, cash book, day book, etc., at great length, occupying two days therein, and if there existed any facts sufficient to constitute a bar to the discharge in relation to the books, or to the business dealings and testimony of the bankrupt, the objecting creditors were in a position to specifically charge such acts.

The demurrer is therefore sustained in regard to all allegations contained in the specifications of objections.

Subsequently the objecting creditors, by their attorney, applied for leave to file amended specifications, and the referee made the following certificate to the court:

"To the Honorable James P. Platt, Judge of the District Court of the United States for the District of Connecticut: Pursuant to the provisions of the ninth rule in bankruptcy of said District Court, I hereby report:

"(1) That on the 29th day of November, A. D. 1902, said bankrupt filed his petition for a discharge from all debts provable against his estate, except such debts as are excepted by law from discharge, which petition is herewith transmitted, and thereupon, on the 2d day of December, A. D. 1902, I entered an order appointing the 13th day of December, A. D. 1902, at 10 o'clock in the forenoon, at my office in Hartford, Conn., as the time and place for the examination of said bankrupt, and for creditors and other persons interested to present their proofs and pleas in opposition to said discharge, and that the bankrupt be present at said time and place, and that the notice required by rule 9 in bankruptcy of said District Court be given of the pendency of said petition, and that notice be given said bankrupt by mail to attend at said time and place.

"(2) On the 3d day of December, A. D. 1902, I published the notice required by said rule and said order in the Hartford Courant, and on the 2d day of December, A. D. 1902, I mailed a like notice to each known creditor of said bankrupt, as by said order and return of notice herewith transmitted will appear.

"(3) That, pursuant to said order and said notice, I sat on the 13th day of December, A. D. 1902, at 10 o'clock in the forenoon, for the purposes named in the said order, and said bankrupt appeared, and John R. Booth and the Berlin Mills Company, creditors of said bankrupt, appeared by their attorney, Benedict M. Holden, and gave notice of objection to the petition for discharge, and of intention to file specifications of objections thereto, and asked opportunity to examine the bankrupt at length. Whereupon the hearing was adjourned to December 27, 1902, at 10 o'clock a. m., specifications of objections to be filed on or before December 23, 1902, and opportunity to examine the bankrupt to be given the creditors on December 15, 1902, at 10 o'clock a. m. Thereafter, on December 15, 1902, the bankrupt appeared in the office of the referee, and was examined by the said Benedict M. Holden, attorney for the objecting creditors, during said day, which examination was continued by said attorney on December 18, 1902.

"(4) That on December 20, 1902, said objecting creditors, by their said attorney, Benedict M. Holden, filed specifications of objections to the discharge of the bankrupt, to which specifications the bankrupt filed a demurrer, which was substantially a motion to dismiss the specifications, on the ground that they were not in proper form, which motion was argued by the attorneys for the parties before the referee on December 27, 1902, and denied by the referee as per memorandum of decision filed January 10, 1903 (attorney for the bankrupt taking exception to the ruling of the referee), said specifications, motion, and memorandum of decision thereon being herewith transmitted.

"(5) That on January 12, 1903, the bankrupt, by his attorney, William C. Hungerford, filed a demurrer to the specifications on the ground that they were not sufficiently specific, which demurrer was sustained by the referee for the reasons stated in a memorandum of decision filed January 24, 1903, said demurrer and memorandum of decision thereon being transmitted herewith.

"(6) That thereupon the objecting creditors, January 27, 1903, filed a bill of exceptions (herewith transmitted), contending that the referee erred both in receiving a second demurrer and in sustaining said demurrer.

"With regard to the first contention, the record shows that the first so-called demurrer filed was considered as a motion to dismiss. However, the technicality here suggested by the objecting creditors is immaterial, since it is well settled that the referee must pass upon the sufficiency of the specifications, and receive evidence only in support of sufficient specifications, irrespective of the filing of any pleadings by the bankrupt.

"Subsequently, on February 5, 1903, the objecting creditors filed a motion to amend the original specifications, which motion, with the proposed amendment, is transmitted herewith, and submitted the question of the allowance of the amendment to the referee. The referee is of the opinion that the judge alone can allow an amendment, and the question was so decided by Judge Lochren, of the District of Minnesota, in the case of In re Kaiser, 3 Am. Bankr. Rep. 767, 99 Fed. 689, which decision was recently followed in the Southern District of New York in the case of In re Wolfensohn, 5 Am. Bankr. Rep. 60. Since, however, the question of the allowance of the proposed amendment in the case before the referee has been submitted to the referee by the parties, the referee, after an examination of the law and the decisions, ventures to state his opinion in the matter. While the allowance of an amendment to specifications of objection is discretionary with the judge of the District Court, and the equitable rule is that amendments should be liberally allowed, nevertheless there seems to be a limit beyond which indulgence should not be granted to the objecting creditors. This limit is defined by Judge Woolson, of the Southern District of Iowa, in language as follows: 'Manifestly, the court would in such a case (where the objecting creditor has attempted to specify, but has failed to push his specifications sufficiently far into detail), where the good faith in the attempt of the cred-

itor is manifest, permit amendment; but such amendment ought to be permitted only where there is manifestly an attempt on the part of the creditor to specify.' In re Hixon, 1 Am. Bankr. Rep. 610, 93 Fed. 440. The original specifications in the case at bar are general and vague, and make no attempt whatever to specify anything. They are such as have been frequently dismissed by judges of the District Court, who have described them as a 'mere cover for fishing excursions.' Judge Woolson, in the case above cited, says that counsel must know, when filing such specifications, that no evidence can be received under them by any court until amendment, and that it would seem that they are entered either to stand as a threat to the bankrupt or of further trouble, or as an attempt vexatiously to delay his discharge, 'so certain is it that these miscalled "specifications" do not specify.' The only allegation in the specifications in the present case that escapes the above criticism is the allegation of failure to keep books, and that does not specify anything, unless the intent is to show that no books were kept. But, as stated in the referee's memorandum of decision sustaining the bankrupt's demurrer, that construction of said allegation is not possible in this case, because the attorney for the objecting creditors, in the presence of the referee, examined at great length the bankrupt and a large number of the bankrupt's books, consisting of ledgers, daybooks, bankbooks, etc.; in fact, so exhaustive was this examination, which took place a number of days before the specifications in question were filed, that there seems no reasonable excuse for the filing of these so-called specifications that do not specify anything. It is submitted that there is no substance in these specifications, and, therefore, that there is nothing to amend. If there had been any attempt on the part of the pleader to be specific, however imperfect or defective that attempt, an amendment might be permitted. While additional specifications that are merely enlargements of what has been already filed, and are purely amendatory thereof, may be allowed, in the discretion of the court (In re Osborne, 8 Am. Bankr. Rep. 166, 52 C. C. A. 595, 115 Fed. 1, [First Circuit Court of Appeals]), "there must be on the record, as it stands, the substance of that asked for; the right to amend can go no further than to bring forward and make effective that which is in some shape already there." In re James Mercur, 8 Am. Bankr. Rep. 275, 116 Fed. 655 (Eastern District of Pennsylvania). Judge Phillips, of the Western District of Missouri, in the case of In re Mudd, 5 Am. Bankr. Rep. 243, 105 Fed. 348, held that specifications like those in the case before us, except that they were even less general in terms, ought not to be amended on the ground that such specifications are nothing but dragnets and guesswork, which do not comply with the positive requirements of the statute. Your referee is therefore forced to come to the conclusion that it is too late for the allowance of the amendment offered by the objecting creditors, since the 10 days limited by statute had expired, and this amendment sets out entirely new matter, and there is nothing on record to which it can be attached.

"And the referee further reports that no other objection has been made by any person interested to the petition for discharge, and that the said Harry H. Peck was adjudged a bankrupt herein on the 10th day of October, 1902, and has in all things conformed to the requirements of said act; that, so far as the papers on file with the referee and the proceedings had before him show, the bankrupt has committed none of the offenses and done none of the acts prohibited in subdivision b of section 14 of said act; and that, in the opinion of the referee, the said bankrupt is entitled to his discharge.

"And the referee further reports that the condition of the administration of the estate of the said bankrupt is as follows: The trustee has not filed the final account, but has reported assets sufficient in amount to pay all expenses of administration and a substantial dividend to creditors.

"And the referee further reports that his disbursements in the above-entitled proceeding have been secured by sufficient bond.

"Dated at Hartford, February 14, 1903.

"George A. Kellogg, Referee in Bankruptcy."

Wm. C. Hungerford, for the petitioner.
Benedict M. Holden, for the objecting creditors.

PLATT, District Judge. I am in accord with the referee in his decision upon the so-called "demurrer" filed December 27, 1902. The sufficiency of the creditors' objections to discharge, set forth in the paper filed December 20, 1902, is in no sense attacked in the misnamed demurrer. The label placed thereon by the bankrupt or his attorney is unimportant; its single purpose was to point out an alleged error in the way the objections were signed and verified. It was equivalent to saying to those creditors and their attorney something like this: "Laying aside the question as to whether your objections have any force and merit per se, they cannot be discussed because you have failed to comply with the rules which are in force both in equity and bankruptcy." The referee very properly regarded the paper as a motion to dismiss. He was also right in following In re Gasser, 5 Am. Bankr. Rep. 32, 44 C. C. A. 20, 104 Fed. 537, and the oath is certainly positive to the very last analysis.

I also agree with the referee in his treatment of the real demurrer, filed January 12, 1903, which he sustained on January 24, 1903, and I am content to leave the matter where his accompanying memorandum places it.

On January 27, 1903, the objecting creditors filed a bill of exceptions, contending that the referee ought not to have received a second demurrer and acted thereon, and that position has been urged before me with considerable emphasis. My view of the soundness of the referee's position must be apparent from the earlier portions of this opinion, but it really makes no difference how one looks at the matter. The action of the referee has in no sense harmed the objecting creditors, as will be clear after I have disposed of the motion to amend the original specifications. That motion is one which it is my duty to pass upon, and has properly been referred to me for that purpose. I have a high appreciation of the breadth and scope and liberality of the equity rules in the federal courts. I have endeavored, and shall continue to endeavor, to make such use of those rules as will promote justice and fair dealing between man and man; but in the case at issue there seems to be no secure position upon which discretion could gain a resting place, if sent forth in search thereof. The specifications of objection have absolutely no force. There is not even a twig in sight above the ground upon which an amendment can be grafted. Therefore it would be inconsistent, preposterous, absurd, and the exercise of profound indiscretion, to grant the motion.

Assuming that my reasoning is valid, it follows in syllogistic form that all proceedings before the referee since the filing of creditors' objections have been unnecessary and irregular. Under these objections it would have been the duty of the referee to refuse to receive any testimony, and it is evident from his report that he would have taken that position had occasion served.

Motion denied.

As the matter now stands, the referee recommends the discharge of the bankrupt. Bankrupt discharged.