### In re KRALL.

(District Court, D. Connecticut. May 22, 1912.)

No. 2,332.

BANKRUPTCY (§ 418*)—JUDGMENT—RES JUDICATA.

Where, in prior proceedings in bankruptcy, it had been determined that the bankrupt was guilty of concealment of assets, such determination was res judicata, and established a prima facie case in support of objections to the bankrupt's discharge on that ground.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 764–771; Dec. Dig. § 418.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Bankruptcy. In the matter of the bankruptcy proceedings of Morris Krall. On report of master sustaining exceptions to discharge. Sustained.

See, also, 182 Fed. 191.

Benjamin Slade, of New Haven, Conn., for bankrupt.
David Strouse, of New Haven, Conn., for petitioning creditors.

PLATT, District Judge. It must long since have become obvious to those interested in our bankruptcy practice that this court will go far to compel regular, orderly, and lawful procedure on the part of its referees, whether they are acting in the direct performance of their statutory duties or as special masters. As expressive of such determination the cases of In re Peck (D. C.) 120 Fed. 972, In re Hendrick (D. C.) 138 Fed. 473, and In re Walder (D. C.) 152 Fed. 490, may be read with profit by the curious.

But let us turn our attention for a moment to the case in hand. The specifications of objection to the discharge were inartificial, and were challenged at the very threshold of the hearing by exceptions duly filed. If the writer had been in the referee's shoes, those exceptions would not have been brushed aside in so cavalier a manner. The master, however, possibly influenced by what had gone before, plodded along his path, despite the exceptions, and the case which was made out on the facts, so far as they have to do with the concealment of assets from his trustee, seems to me strong enough to warrant the unfavorable report. If the master had been a stranger to all prior proceedings in this bankruptcy case, the record evidence presented would have compelled the report. The question at issue before him as to concealment of assets was res adjudicata, and the record evidence made out a prima facie case. It presented a decision of the same issue in the same case and practically between the same parties, because these objecting creditors here were represented by the trustee in the earlier controversy. The action which I am about to take must not be misconstrued into an acquiescence in the methods pursued by the master in dealing with the exceptions to the specifications. The situation here presented is one in ten thousand, and far from lovely in any respect.

On the one hand, an acceptance of the report may, to the weaker minded, appear to tend toward laxity of discipline, but on the other hand, a rejection of the report would positively result in the granting of a great favor to one whom I consider absolutely unworthy of it. I am bound to avoid the awful disaster which the latter course compels, and with faith that the good sense of the referees, supplemented, as it will be, by the kindly activities of my friends at the bankrupt bar, will prevent any serious lapses from regularity hereafter.

I will accept the report, and deny the discharge.