## In re HORWITZ.

District Court, D. Minnesota, Fourth Division. March 2, 1929.

G. E. Steiner and Bronson, Jones & Bronson, all of Seattle, Wash., for petitioner.

Samuel B. Bassett, of Seattle, Wash., for claimant.

286

Bundlie & Kelley, of St. Paul, Minn., for petitioner.

Allen & Fletcher, of Minneapolis, Minn., for trustee in bankruptcy.

SANBORN, District Judge. It appears that the petitioner, Florence N. Hall, as administratrix of her husband's estate, on August 14, 1927, sold to the bankrupt, under a conditional sales contract, personal property in the store which had been previously conducted by her husband in Stillwater, Minn., to wit:

"All jewelry stock, jewelry equipment, toilet sets and articles, toys and play-things, kodaks, glassware, lamps, one Burroughs adding machine No. 3-805868, one Hall safe, one cash register No. 52520, four wall cases, two show cases, booths as now located on the south side of said store, furniture and all other fixtures and personal property now owned by said W. B. Hall estate, located in said store, except the following personal property: one round table, all diamonds, all musical instruments, accessories and personal property connected with music department, all optical apparatus and equipment including grinder now located in back room, all typewriters, all radio equipment and personal property left for repair, and booths in music department, except as hereinbefore included."

The bankrupt agreed to pay her $1,200 in installments. The contract contained the following provisions:

"It is expressly understood that when the whole sum of Twelve Hundred Dollars ($1,-200.00) has been fully paid, the title to said property shall vest in the vendee; but until then title shall remain in the vendor"; and: "The vendor does hereby grant to said vendee permission to sell from the above described property all jewelry stock, toys, lamps, toilet sets and articles, kodaks and glassware, provided the installments are paid in the amounts and at the times above specified."

The contract was duly recorded on August 15, 1927, and the bankrupt paid installments amounting to $805, leaving unpaid $395. An involuntary petition was filed August 20, 1928, and there was an adjudication on September 5, 1928.

The trustee took the position that the sales contract was void, and that he was entitled to the property described in the conditional sales contract, or the proceeds thereof, remaining in the hands of the bankrupt.

The referee acquiesced in the position that this conditional sales contract had no different status than a chattel mortgage covering a stock of merchandise, under which the mortgagor is permitted to retain possession and to sell from and replenish the stock. Such a chattel mortgage, under the laws of Minnesota, is fraudulent as a matter of law and voidable as to creditors. See In re Frey (D. C.) 15 F.(2d) 871, 8 A. B. R. (N. S.) 812, and cases cited.

There is, however, a well-recognized distinction between the lien created by a chattel mortgage and the rights of the vendor under a conditional sales contract. In the case of a mortgage, the lien arises from an act of the bankrupt, while in the case of a conditional sales contract the title to the property is reserved by the vendor. This distinction is recognized in Bradley, Clark & Co. v. Benson, 93 Minn. 91, 100 N. W. 670. In that case, the court said, speaking of the situation presented by a conditional sales contract:

"The situation is wholly unlike that presented by the chattel mortgage cases. There the bankrupt was at the time of executing the mortgage the owner of the property, and it was by his act that the mortgagee obtained title thereto or a lien thereon, effect to which was given when filed—a final consummation of his act. In the case at bar the bankrupt was never the owner of the property, and no act on his part resulted in any benefit whatever to plaintiff."

In the contract in question here, there was no attempt made on the part of the vendor to obtain any lien or interest in any goods substituted for those which might be sold by the bankrupt while the contract was not in default. The vendor did, however, attempt to retain, and did retain, title to all unsold goods covered by the conditional sales contract. I am of the opinion that the conditional sales contract is valid and affects all of the goods conveyed to the bankrupt under it which remained in his hands undisposed of at the time of bankruptcy.

The order of the referee is reversed.