E. H. NELSON v. PETER RUTHKOWSKI AND ANOTHER.[1]

March 28, 1929.

No. 27,179.

*Lemke & Weaver,* for appellants.
*M. J. Hegland* and *A. N. Eckstrom,* for respondent.

HILTON, J.

Appeal by defendants from a judgment decreeing that the chattel mortgage described in the complaint was fraudulent and void and of no effect as to plaintiff, and that the property therein described was free from any lien or encumbrance on account of said mortgage.

The defendants, Peter Ruthkowski and Stanley Ruthkowski, aged respectively 60 and 26 years, are father and son. Plaintiff is the duly appointed and qualified trustee in bankruptcy of defendant Peter. On May 10, 1927, Peter was the owner and in possession of 54 head of cattle described in the chattel mortgage. On that date he drove 50 miles to a city in another county and there executed a

[1]Reported in 224 N. W. 457.

chattel mortgage to defendant Stanley purporting to secure the payment of three notes that day given in the sum of $1,960 (payable $600 on December 1, 1927, $600 December 1, 1928, and $760 December 1, 1929) each bearing interest at five per cent per annum. This mortgage was duly filed by Peter on the next day in the office of the register of deeds of Roseau county, Minnesota. The mortgage so given was not accompanied by any delivery of the property described therein or followed by any actual or continued change of possession thereof, the mortgagor remaining in possession. He was, at the time of the execution and delivery of said chattel mortgage, indebted to numerous persons in various amounts, none of which have been paid. The case was tried to the court, which found the facts substantially as above recited; there was a further finding that the mortgage was not executed in good faith but was for the purpose of delaying, hindering and defrauding creditors and that the mortgagee therein, the defendant Stanley, had knowledge thereof.

The theory of the defense was that Stanley had been working for his father on the farm since reaching his majority, a period of over four years, for which he was to receive $35 per month. The amount named in the chattel mortgage would be the full amount of wages at that rate; it appears that the father had given the son various sums of money at different times aggregating over $200. After the mortgage was executed, the father sold the milk from the cows described therein, receiving $140 to $180 in cream checks each month. He also sold $700 worth of cattle; whether they were those covered by the mortgage does not appear.

After giving the mortgage, Peter incurred a large number of bills locally which remain unpaid; paid another son $500 and a daughter $371, and paid to Stanley $280, the latter being ostensibly on one of the notes above described. Four months and 11 days after the execution of the chattel mortgage, Peter filed a petition in bankruptcy. Peter was vice president and director of the Peoples State Bank of Greenbush, which closed the day before the chattel mortgage was given. In addition to his stockholder's liability on five shares, he had heavy liabilities as surety and guarantor.

Two financial statements made by Peter were received in evidence —the one of November 16, 1926, listed his assets and claimed liabilities and showed a net worth of over $30,000. In neither of the statements was mention made of any indebtedness to Stanley. These statements were admitted in evidence as exhibits, and error is assigned therefor. They were admissible.

G. S. 1923 (2 Mason, 1927) § 8345, reads as follows:

"Every mortgage of personal property shall be void, as against the creditors of the mortgagor and subsequent purchasers and incumbrancers of the property in good faith, unless it appears that such mortgage was executed in good faith, and not for the purpose of hindering, delaying, or defrauding any creditor of the mortgagor, and unless, in addition thereto, the giving of such mortgage is accompanied by immediate delivery, and followed by actual and continued change of possession of the mortgaged property, or, in lieu thereof, the mortgage is filed as hereinafter provided."

As to who are creditors within the above quoted statute, see Singer v. Farmers State Bank, 166 Minn. 327, 207 N. W. 631. The rights of a trustee in bankruptcy are stated in the 1910 amendment of the bankruptcy act, § 47a:

"(2) * * * and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." U. S. Comp. St. § 9631(a)(2); 11 USCA, § 75(a)(2). In re Duker Ave. Meat Market (C. C. A.) 2 F. (2d) 699; In re Ricketts (C. C. A.) 234 F. 285; In re Bonk (D. C.) 268 F. 1012; Grand Rapids Tr. Co. v. Nichols, 199 Mich. 126, 165 N. W. 667; Allen v. Hillman, 215 Mich. 312, 183 N. W. 936.

It is not necessary to consider under what circumstance a conveyance or mortgage or the giving of a preference to a relative may or may not be considered fraudulent. Irrespective of whether the

burden was upon plaintiff to show the male fides of the transaction or upon the defendants to show the good faith thereof, the evidence fully warranted the court in finding as it did. Being thus supported by the evidence, the judgment must stand. 1 Dunnell, Minn. Dig. (2 ed.) § 411.

Judgment affirmed.