## In re RUTHKOWSKI.

District Court, D. Minnesota, S. D.
April 12, 1930.

Lemke & Weaver, of Fargo, N. D., for bankrupt.

M. J. Hegland, of Roseau, Minn., for trustee.

SANBORN, District Judge.

The special master based his finding that the bankrupt had transferred certain property in fraud of his creditors upon a judgment of the state court in an action brought by the trustee against the bankrupt and his son to set aside a chattel mortgage upon the property. In that action, the court found that the chattel mortgage was given on the 10th day of May, 1927, and was filed for record on the 17th day of May, 1927, and that the defendant therein, Peter Ruthkowski, did not execute the mortgage in good faith, but for the purpose and with the intent to delay, hinder, and defraud his creditors, and the court thereupon ordered judgment that the mortgage was fraudulent and void. Judgment was duly entered to that effect, and the defendants took an appeal, and thereafter the judgment was affirmed by the Supreme Court of Minnesota. See Nelson v. Ruthkowski, 177 Minn. 84, 224 N. W. 457.

The bankrupt now contends that the judgment in the state court does not justify the finding or recommendation of the special master, because the same rule of evidence does not prevail in this court upon the application for discharge and the objections thereto as prevailed in the state court; that the special master was therefore required to retry the question as to whether the chattel mortgage was in fact given in fraud of creditors. This contention is based upon the provisions of section 8345, General Statutes of Minnesota 1923, which provides: "Every mortgage of personal property shall be void, as against the creditors of the mortgagor and subsequent purchasers and incumbrancers of the property in good faith, unless it appears that such mortgage was executed in good faith, and not for the purpose of hindering, delaying, or defrauding any creditor of the mortgagor, and unless, in addition thereto, the giving of such mortgage is accompanied by immediate delivery, and followed by actual and continued change of possession of the mortgaged property, or, in lieu thereof, the mortgage is filed as hereinafter provided."

The record shows that the mortgage in question here was filed as provided by the statute, so that in the action in the state court the burden was upon the trustee to prove that the mortgage was given in fraud of creditors, and the burden was not upon the bankrupt to prove that it was given in good faith and without any purpose of hindering, delaying, or defrauding the creditors.

The general rule is, as stated by the special master in his findings, "that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." Southern Pac. R. R. Co. v. United States, 168 U. S. 1, 48, 18 S. Ct. 18, 42 L. Ed. 355; 23 Cyc. 1215; 7 Remington on Bankruptcy, § 3430. In the case of In re Tiffany (D. C.) 147 F. 314, it was held that the judgment of a state court, in a suit brought by a bankrupt's trustee, refusing to set aside a transfer of property made by the bankrupt as fraudulent, concludes creditors, who cannot thereafter set up the same ground to defeat the bankrupt's discharge.

It is very doubtful whether, if the mortgage had been an unrecorded one, it would have made any difference. The question as to whether chattel mortgages are fraudulent or otherwise is determined by the laws of the state where they are made. For cases in which this rule has been applied, see In re Horwitz (D. C.) 32 F.(2d) 285, 13 Am. Bankr. R. (N. S.) 359; Robie v. Chmielewski (D. C.) 17 F.(2d) 492, 9 Am. Bankr. R. (N. S.) 248; Hall v. Main (D. C.) 34 F.(2d) 528, 14 Am. Bankr. R. (N. S.) 480; In re Frey (D. C.) 15 F.(2d) 871, 8 Am. Bankr. R. (N. S.) 812.

The report of the referee is confirmed, and an order may be entered denying the application of the bankrupt for a discharge.