## STATE v. PETER RUTHKOWSKI.[1]

May 16, 1930.

No. 27,925.

*Lemke & Weaver,* for appellant.

*Henry N. Benson,* Attorney General, and *R. J. Bell,* County Attorney, for the state.

[1]Reported in 230 N. W. 818.

HOLT, J.

Upon an information charging defendant with obtaining $690 from Albert Johnson by false pretenses there was a conviction. A motion for a new trial was denied, judgment was entered, and defendant appeals from the order and judgment.

The facts of which there is no dispute are as follows: Albert Johnson, a cattle buyer, on or about July 26, 1928, visited the farm defendant, on May 11, 1927, had leased to his son Stanley. In a conversation with defendant, Johnson ascertained that 23 head of cattle on the farm were for sale. The price of $690 was agreed upon, the cattle were delivered within a day or two, and the money paid. There is no question but that defendant was the owner of these cattle when, on May 10, 1927, he gave a chattel mortgage on them to Stanley to secure $1,960 claimed due him for wages upon the farm previous thereto. On September 21, 1927, defendant was duly adjudged a bankrupt, and these cattle were in schedules filed by defendant in the bankruptcy proceeding. So was the chattel mortgage debt. Except the testimony of Albert Johnson that he had some trouble or a lawsuit about these cattle, there is nothing in this record to show that he was deprived of them or was held liable for conversion. There is nothing to show that the receiver in bankruptcy, who was appointed in December, 1927, ever demanded possession of the cattle from defendant or Albert Johnson. The evidence is conclusive that the sale of the cattle to Johnson was approved by Stanley and that the $690 was turned over to Stanley by defendant.

The information was under G. S. 1923 (2 Mason, 1927) § 10358(1), and the trial was conducted by the state on the theory that by virtue of the adjudication in bankruptcy the title to the cattle had passed from defendant and was in the receiver when the transaction with Albert Johnson took place. However it was necessary for the state to prove false representations in respect to the ownership and right to sell, and that such false representations or pretenses were made with the criminal intent wrongfully to obtain the money of Albert Johnson. To rebut the inference that the bank-

ruptcy adjudication transferred title of the cattle to the receiver defendant showed that more than four months prior to such adjudication he had leased the farm on which the cattle were kept to his son Stanley, and had given the chattel mortgage as above stated to secure an indebtedness largely in excess of the value of the cattle. It might be found that defendant in good faith came to the conclusion that the receiver, not having made any demand for the cattle for over six months after his appointment, deemed the mortgage incontestable. To meet this defense the state would have to prove that the mortgage was given and taken without consideration and with the intent of both mortgagor and mortgagee to cover up the mortgagor's property and defraud his creditors. But the state undertook to prove such facts by introducing the judgment roll in an action to set aside the chattel mortgage as fraudulent, instituted by the receiver against defendant and Stanley some time after the sale and delivery of the cattle to Albert Johnson. Upon the suggestion of the court that the record be not encumbered needlessly by the judgment roll, defendant, over objection, was required on his cross-examination to state that the district court in that action determined that the mortgage was given by defendant with intent to defraud his creditors; and also, over like objection, that this court had affirmed the decision of the district court. Nelson v. Ruthkowski, 177 Minn. 84, 224 N. W. 457.

The ruling was clearly erroneous. The civil action was not begun until some time after the commission of the alleged crime, and of course the trial and decision in the court below and in this court took place afterwards. Nothing done or determined by third parties after the sale could be adduced as proof of the facts upon which a conviction must rest here. The parties in the instant case are not the same as in the civil case. The quantum of evidence to establish a fact in the civil case is less than that required to establish the same fact in the criminal case. In the civil suit G. S. 1923 (2 Mason, 1927) § 8345, throws the burden upon the parties to a chattel mortgage, where there is no change of possession, to prove good faith and absence of intent to defraud the mortgagor's cred-

itors. This statute is not penal and was not intended to be used to facilitate convictions. That a judgment rendered against a defendant in a civil action, begun after the commission of the crime for which he is on trial, is inadmissible to establish an essential ingredient or fact of the crime is well settled by the authorities. 1 Greenleaf (16 ed.) Evidence, § 537; 4 Jones, Evidence,. p. 3368, § 1816; State v. Hogard, 12 Minn. 191 (293); Marceau v. Travelers Ins. Co. 101 Cal. 338, 35 P. 856, 36 P. 813; State v. Weil, 83 S. C. 478, 65 S. E. 634, annotated in 26 L.R.A.(N.S.) 461.

A stipulation, exhibit B, in still another civil action concerning the same cattle to which defendant, his son Stanley, and the state's witness herein, Albert Johnson, were parties, was received in evidence over defendant's objection. We think the ruling was correct. It was signed only by the attorneys for the parties therein; but foundation was laid by showing that defendant, Stanley, and Johnson read and approved of the stipulation before it was signed. As to defendant anything therein material to the issues at this trial could be used as a voluntary admission; and as to all the witnesses statements in the stipulation at variance with their testimony on the witness stand were impeaching and affected their credibility.

No other error assigned need be considered. For the one first noted there must be a new trial.

The order and judgment are reversed.