Matthias, J.
Numerous errors are assigned by the accused as grounds for the reversal of the judgment.
Section 1639-46, General Code, for the violation of which the accused was convicted, provides as follows:
“Whoever is charged by law with the care, support, maintenance or education of a legitimate or illegitimate child under eighteen years of age, and fails, neglects or refuses so to do, or who abandons such child, or who beats, neglects, injures or otherwise ill-treats such child, or causes or allows him or her to engage in common begging and whoever is charged by law with the care, support, maintenance or education of a legitimate or illegitimate child under twenty-one years of age who is physically or mentally handicapped, and fails, neglects or refuses to care for, support, maintain or educate such child, upon complaint filed in a court exercising the jurisdiction conferred in this chapter, may be, after trial and conviction, sentenced to imprisonment for not more than one year, or fined not more than five hundred dollars, or both, and the judge may order that such person stand committed until such fines and costs are paid; provided, that if he shall pay promptly each week to the court or to a trustee named by such court a sum to be fixed by it for such purpose, sentence may be suspended. Such neglect, nonsupport or abandonment shall be deemed to have been committed in the county *18 in which, such child may be at the time of such neglect, nonsupport or abandonment. Each day of such failure, neglect, or refusal shall constitute a separate offense.”
In the trial of the case, over the objection of the accused, the state introduced in evidence the record of a judgment theretofore entered in the Court of Common Pleas of Summit County in a case in which the plaintiff was the complainant in this action, and the defendant was the accused herein and wherein the court granted the plaintiff a divorce from the defendant. It contained a finding that the two children, therein named “Karen Snyder and Carolyn Snyder” (twins), were born as the issue of the marriage and an order that the defendant pay $15 per week for the support of the children until further order of the court.
The complainant testified that she married the accused on November 5, 1945, and the twin girls were born of such marriage on March 31, 1946; that the accused was their father; and that she was divorced from him May 6, 1947, and awarded custody of the children. Following the introduction of the record in the divorce case, the state rested its case.
The accused testified as a witness in his own behalf and offered evidence tending to show that he was not the father of the children. The court rejected such evidence for the reasons that “it is not essential for the state in the prosecution under the charge to establish that this defendant is in fact the natural father of these children” and that the state is required to show beyond a reasonable doubt “that the defendant is charged by law with the support of these children” and that “the state has shown that element by offering evidence that a court of general jurisdiction has determined, has ordered, after hearing, personal service, and representation by counsel as is apparent *19 from the entry, this defendant to pay for the support of the children in the indictment and insofar as that element of this ease is concerned * * * that meets the requirements of the statute insofar as proof of a person being charged by law. ’ ’
The court then ruled that the accused would not be permitted to offer evidence tending to prove that he was not the father of said minor children, for the reason that the judgment in the divorce action was in effect res judicata of the question of the obligation to support the children; that by such judgment the accused was “charged by law” with the obligation; and that the introduction of the divorce judgment established the state’s case in that respect, leaving to be determined only the question whether as a matter of fact the accused had failed, neglected or refused to care for, support, maintain and educate such children.
It is fundamental that one may be convicted of a criminal offense only by proof beyond a reasonable doubt of each element constituting that offense, and that the burden thereof is- on the state. Clearly the judgment in a divorce case does not satisfy that requirement. “Charged by law” cannot be construed to mean “charged by the judgment of a court, in a civil action,” no more than if the statutory provision read, “required by law.”
The general rule is well established that the introduction of the record of a judgment in a civil action is not admissible in a criminal prosecution to establish the facts essential to a conviction. That question has heretofore been considered by this court in several cases in which judgments rendered in bastardy cases have been introduced in trials on indictments for failure to provide for such children. In the case of Gee v. State, 60 Ohio St., 485, 55 N. E., 48, this court, so held. The syllabus of that case is as follows:
*20 “On. the trial of the issues joined by a plea of not guilty to an information or an indictment charging the defendant with willfully and negligently failing to support his illegitimate child the record of a bastardy proceedings instituted by the mother of the child in which the defendant was adjudged to be its reputed father is not admissible in evidence. ’ ’
See, also, Ogg v. State, 73 Ohio St., 59, 75 N. E., 943.
Conversely, in the case of State v. Schwartz, 137 Ohio St., 371, 30 N. E. (2d), 551, it was held that, in a bastardy proceeding where the defendant had been adjudged not to be the father of an illegitimate child, the record of such adjudication was not admissible as evidence in a criminal prosecution by the state against the same person for nonsupport of such child.
To the same effect are decisions in various other jurisdictions all of which involve the admissibility of the record of a civil case in a subsequent criminal prosecution. Britton v. State, 77 Ala., 202; Ireland v. State, 99 Ala., 32, 136 S. W., 947; Lawton v. State, 152 Fla., 821, 13 So. (2d), 211; State v. Ruthkowski, 180 Minn., 378, 230 N. W., 818; Hodges v. State (Olda.), 222 P. (2d), 386; and Dunagain v. State, 38 Tex. Crim., 614, 44 S. W., 148.
We are in full accord with the conclusion stated by Judge Doyle of the Court of Appeals in his dissenting opinion that the state must show by the degree of proof required that the accused comes within the class of persons charged by statute with the duty to support, and further that “it was the right of the defendant to offer evidence tending to prove that he did not come within that class, and, in the instant case, to show that he in fact was not the father of the children, in spite of the judgment in the civil action, established by only a required preponderance of the evidence. ’ ’
The trial court denied the motion of the accused for *21 an order requiring the prosecuting witness and the two minor children, along with the accused, to submit to blood-grouping tests as provided by Section 12122-2, General Code, which, in part, reads as follows:
“Whenever it shall be relevant in a civil or criminal action or proceeding to determine the paternity or identity of any person, the trial court on motion, shall order any party to the action and any person involved in the controversy or proceeding to submit to one or more blood-grouping tests, to be made by duly qualified physicians or other qualified persons not to exceed three, to be selected by the court and under such restrictions or directions as the court or judge shall deem proper. In cases where exclusion is established the results of the tests together with the findings of the expert or experts of the fact of nonpaternity shall be receivable in evidence.”
It was clearly prejudicial error for the trial court to refuse to permit the accused to present evidence tending to show that he was not the father of said children and particularly in overruling his motion for an order of the court requiring blood-grouping tests in accordance with the statute above cited.
It follows, for the reasons stated, that the judgment of the Court of Appeals should be and is, hereby, reversed, and the cause is remanded to the Juvenile Court for further proceedings according to law.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taet and Hart, JJ., concur.