In the Matter of Ignatius A. MONFORTE, Bankrupt-Appellant.

Chemical Bank New York Trust Company, Objecting Creditor-Appellee.

No. 71, Docket 26959.

United States Court of Appeals Second Circuit.

Argued Nov. 8, 1961.

Decided Dec. 6, 1961.

Ignatius A. Monforte, New York City, bankrupt-appellant pro se.

Sherwin A. Rodin, New York City (Barney B. Fensterstock and Zalkin & Cohen, New York City, on the brief), for objecting creditor-appellee.

Before LUMBARD, Chief Judge, MEDINA and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

Ignatius A. Monforte filed a voluntary petition in bankruptcy on March 26, 1959 and on the same day he was adjudicated a bankrupt. There was then pending in the New York Supreme Court, New York County, an action, entitled "Francis R. Doherty, as Receiver of the property of Ignatius A. Monforte, and Chemical Corn Exchange Bank, plaintiffs, against, Ignatius A. Monforte, Hearthstone Agency, Inc. and Royal State Bank of New York, defendants." Part of the relief prayed in said action was a judgment setting aside a transfer by the bankrupt to Hearthstone Agency, Inc. of a check in the sum of $32,000 drawn by Harlem Savings Bank to the order of the bankrupt, as fraudulent as against his creditor, Chemical Corn Exchange Bank. All the parties appeared in this action, the case was litigated on the merits, and the opinion of Justice Henry Clay Greenberg, who presided over the trial, was filed on March 24, 1959. The formal judgment was entered in the office of the County Clerk on April 7, 1959. While

234

the opinion as filed did not state in so many words specifically that the bankrupt had transferred the check to defraud the bank, the judgment as entered contained an adjudication to this effect, in the following words: "the transfer * * * is hereby set aside as having been made by the defendant, Ignatius A. Monforte with actual intent to hinder, delay or defraud plaintiff Chemical Corn Exchange Bank as his creditor * *." As this transfer had been made on June 18, 1958, subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy (See Bankruptcy Act, Sec. 14, sub. c(4), 11 U.S.C.A. § 32, sub. c. (4)), it was included in the specifications of objections to the bankrupt's discharge.

When the matter came on for hearing before Referee Arthur J. Doran, it was stipulated that the hearing would be limited to this particular specification, the others to be held in abeyance, to be considered only in the event that a decision favorable to the bankrupt be made on the specification thus brought on for disposition.

The judgment roll in the New York Supreme Court action was received in evidence and relied upon to prove the allegations of fraudulent transfer as *res judicata*. Objection was made "unless the minutes of the trial are included because it would be an unfair inference against the bankrupt unless all of the facts to substantiate the judgment are clearly shown to the Court." The bankrupt also requested an opportunity to call witnesses, quite evidently for the purpose of retrying the issue already determined in the state court. No specific element of unfairness was alluded to, nor was any representation or offer of proof made to impeach the validity of the judgment already rendered, or to attack the competency of the New York Supreme Court to render the judgment, on jurisdictional or other grounds. Moreover, no appeal had been taken from the judgment, and the time to appeal had long since expired.

The Referee sustained the specification of objection to discharge, relying upon the judgment roll in the state court action, he refused to permit the bankrupt to relitigate the matter, the bankrupt's petition to the District Court for review of the decision thus made was denied, and the bankrupt now appeals to us.

As the bankrupt prosecutes the appeal *pro se* and made the oral argument before us, we can readily understand how so many irrelevant matters are urged upon us as a basis for reversal. Nevertheless, in our scrutiny of the entire record we have had in mind each of these miscellaneous confused and complex side issues in order to satisfy ourselves that appellant has suffered no injustice. The fact remains that the only substantial issue in the case is whether or not it was proper to rely upon the judgment roll in the Supreme Court action and to refuse to require the production of the transcript of the state trial and to refuse to permit the bankrupt to call witnesses and relitigate the issue of the fraudulent transfer.

■ Preliminarily, it is clear that there is no significance in the fact that the formal entry of judgment in the state court action was a few days after the filing of the voluntary petition in bankruptcy and the adjudication. Moreover, as there was no stay of proceedings, there was nothing to prevent the bankrupt from taking an appeal from the judgment, had he chosen to do so.

■■ That the principles of *res judicata* are applicable to such a proceeding as the one before us has been repeatedly held. Sawyer v. Orlov, 1 Cir., 1926, 15 F.2d 952, cert. denied, 1927, 274 U.S. 736, 47 S.Ct. 574, 71 L.Ed. 1316; Stalcup v. Jepson, 8 Cir., 1923, 289 F. 479; In re Gophrener, E.D.N.Y., 1937, 20 F.Supp. 922; In re Ruthkowski, S.D.Minn., 1930, 39 F.2d 969; In re Krall, D.Conn., 1912, 196 F. 402; In re Skinner, N.D.Iowa, 1899, 97 F. 190.

We find it not necessary to discuss the other points argued by the bankrupt as we find no merit in any of them.

Affirmed.