[Crim. No. 2096. Second Appellate District, Division Two.—November 27, 1931.]

THE PEOPLE, Appellant, v. BENJAMIN FINK, Respondent.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Appellant.

Wheeler & Wackerbarth and Henry E. Carter for Respondent.

CRAIG, J.—The respondent was charged by information with the crime of perjury, to which information he interposed a demurrer, which was sustained, and the People appealed from the judgment rendered in accordance with such ruling.

The information recites that in December, 1929, respondent commenced a civil action against William Weisman, Mary Weisman and Joseph Toplitzky upon the ground of fraud claimed to have been committed during the years 1920 and 1921, and that he alleged in substance that he first learned of such fraud during the month of May, 1927; that the defendants by their answers denied that the plaintiff first learned of the alleged fraud during the month of May, 1927; that said suit was tried in the superior court, and that a verdict and judgment were entered in favor of the plaintiff; that thereafter and upon receipt of a notice of the entry of said judgment, the defendants served and filed a notice of intention to move for a new trial. The in-

formation alleges that in support of their motion for a new trial the defendants filed and served various affidavits of persons who therein averred that more than three years prior to the commencement of the civil action Benjamin Fink had made statements to the effect that he then knew that he had been defrauded by the defendants; "that it then and there became and was material to know whether the said Benjamin Fink did, in fact, first learn during the month of May, 1927, . . . that he had been so as aforesaid defrauded by the defendants". Incorporated in the information is a copy of a counter-affidavit of respondent, specifically denying each averment contained in the movants' affidavits that he had made such statements, or that he had knowledge that he had been defrauded prior to the date first alleged. The conclusion of the pleader is that "in truth and in fact, as the said Benjamin Fink then and there well knew, each and every of said denials so made by him in his said affidavit were false, and each and every of the matters so as aforesaid denied by him in his said affidavit were true. That thereby the said Benjamin Fink did then and there, as aforesaid, wilfully, knowingly, and corruptly swear falsely and commit wilful perjury."

The briefs are devoted to extensive arguments upon the necessity and effect of affidavits on motions for new trials, and upon technical questions of pleading in criminal cases, but the inevitable result from a conceded previous adjudication dispels the necessity for their discussion. We are not to presume that the verdict and judgment in the civil action were erroneous, or that the motion for a new trial should have been granted. It affirmatively appears that the time of discovery of the fraud was a material, indeed a vital, issue in the former trial, and that a verdict and judgment having been entered in favor of respondent, the parties again joined issue upon the same question by affidavits filed in a motion for a new trial. It is a familiar rule that until set aside or reversed upon appeal, presumptions are resolved in favor of the judgment. It is likewise ordained by the legislature that one who may be charged with perjury is he only who "having taken an oath that he will testify, declare, depose, or certify truly . . . willfully and contrary to such oath, states as true any material matter which

he knows to be false". (Pen. Code, sec. 118.) Yet the information before us charges that the respondent alleged in a civil action that he discovered fraud in May, 1927, that a verdict and judgment were entered in his favor, and that in opposition to a motion for a new trial he again asserted the truthfulness of such averment and denied that he had made statements to the contrary.

One contention advanced by the respondent is that the information not only charges that Fink's statement in his affidavit on the motion for a new trial as to when he first learned that he had been defrauded was false, but that it goes further and alleges facts from which it must be presumed that it was true; that the information itself in declaring that the verdict and judgment were entered in favor of the plaintiff, impliedly alleged that it was judicially determined that the plaintiff's sworn statement was true, and that since the pleader has seen fit to set forth these matters, he is bound by them, and as against a demurrer the information is insufficient. However, there is abundant authority that an acquittal of a defendant in a criminal action is no bar to a civil action against him for the act involved in the criminal case. The reason usually assigned for this conclusion is that the parties are not the same, and that the determination of any issue as to one is not conclusive or binding upon the other. By this logic we must here conclude that regardless of the verdict and judgment in the civil suit, the People of the state of California not having been a·party thereto, are in no way bound thereby, and can still be heard to assert the falsity of Fink's statements made in that action or in connection with the motion for a new trial after judgment.

The statement contained in ·the affidavits of the moving parties on the motion that Fink had at previous times made certain statements inconsistent with those contained in his complaint, was legally pertinent to the question of time as to when he first had knowledge that he had been defrauded. This being true, it was the statement of a fact which was material to the issue before the court for determination, to wit, the granting of the motion for a new trial. (*People* v. *Patterson,* 64 Cal. App. 223 [221 Pac. 394].)

The order and judgment from which the plaintiff appealed. are reversed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 12, 1931.