SHAW, P. J.
 

 Defendant appeals from a judgment of conviction rendered against him on a charge of violating section 29 of the Workmen’s Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 831, as amended by Stats. 1933, p. 975; Act 4749, Deering’s Gen. Laws, 1931, p. 2272, as amended, Deering’s Supp., 1933, p. 1831). This act provides for a complete system of workmen's compensation cover
 
 *Supp. 768
 
 ing industrial accidents, liability of the employer for Avhich is entirely independent of negligence, creates a tribunal known as the Industrial Accident Commission to pass on and determine all claims for such compensation and provides that an employer may protect himself against such liability, by insurance. In 1937 this act Avas repealed, but its provisions Avere reenacted and incorporated, without substantial change, into the Labor Code (Stats. 1937, pp. 185-329.) Since this code took effect after the date of the offense charged and after the commencement of this prosecution, Ave quote from the provisions of the former statute. The code contains provisions safeguarding pending proceedings and no point is made of this repeal, so Ave assume that it does not affect this case.
 

 Section 29 of the act above referred to contains these provisions Avhich are pertinent here: “(a) Every employer as defined in section 7 hereof, except the State and all political subdivisions or institutions thereof, shall secure the payment of compensation in one or more of the folloAving Avays:
 

 “1. By insuring and keeping insured against liability to pay compensation in one or more insurance carriers duly authorized to Avrite compensation insurance in this State.
 

 “2. By securing from the commission a certificate of consent to self-insurance, . . . [the foregoing uoav in sec. 3700, Labor Code]. . . .
 

 “(e) Failure to secure the payment of compensation as hereinbefore provided shall constitute a misdemeanor [now sec. 3710, Labor Code] ... In case of the wilful failure by an employer to secure the payment of compensation as herein provided, the amount of compensation otherwise recoverable for injury or death as provided in this act shall be increased 'ten per cent [now in sec. 4554, Labor Code] . . .
 

 “(d) . . . In any prosecution under this section, the burden of proof shall be upon the defendant to show that he has secured the payment of compensation in one of the two Avays set forth in paragraph (a) hereof.” [Now in sec. 3711, Labor Code.]
 

 At the trial John Curtis Reid testified that he was in the employ of the defendant, that in the course of his employment he sustained injuries, on the date stated in the complaint as that of the commission of the offense charged, and that the Industrial Accident Commission had made an award
 
 *Supp. 769
 
 to him against the defendant for said injuries, but nothing had been paid to him on account of said award. A copy of this award was introduced in evidence; without objection by the defendant. The award contains findings that Reid was in the employ of defendant and was injured in the course of his employment, and that “The defendant was wilfully uninsured at the time of said injury and any compensation normally recoverable is increased ten per cent (10%) by such wilful uninsurance.” No other evidence was given at the trial, tending to show that defendant was at any time an employer. .Defendant testified that Reid was not in his employ at the time in question, but this testimony was stricken out by the trial court on the ground that the finding made on this fact in the award of the Industrial Accident Commission was conclusive upon him. The defendant now challenges the correctness of this ruling.
 

 The evidence offered in proof of the charge indicates some confusion of thought on the part of the prosecution regarding the nature of the offense defined by the penal provision above quoted from section 29 of the statute. That offense is not the failure of an employer against whom an award has been made under the statute to pay the award or to provide security for its payment. The act denounced is “failure to secure the payment of compensation as herein-before provided”. The previous provision thus referred to requires “every employer as defined in section 7 hereof” to secure the payment of compensation. Section 7, as amended by Statutes of 1929, page 306 (now sec. 3300, Labor Code), provides that “The term ‘employer’ as used in sections 6 to 31, inclusive, of this act, shall be construed to mean: . . . every person, firm, voluntary association, and private corporation, including any public service corporation, who has any person in service under any appointment or contract of hire, or apprenticeship, express or implied, oral or written, and the legal representative of any deceased employer.” By other provisions of the act, which we need not quote, certain classes of persons in service are excluded from consideration in determining who is an employer. Under the provisions of sections 7 and 29 above referred to the duty of an employer to secure the payment of compensation arises as soon as he becomes such and continues while that status exists, and if he fails to perform that duty, either when he
 
 *Supp. 770
 
 first becomes an employer, or at any time thereafter while such status continues, he is guilty of a misdemeanor, entirely regardless of the -occurrence of injury to any employee or the making of an award therefor.
 

 Since the only evidence offered in support of the charge, regarding defendant’s status as an employer, attributed that status to him by reason of his employment of Reid, he was entitled to dispute the allegation by showing that Reid was not his employee, unless the trial court was right in ruling that the award of the Industrial Accident Commission was conclusive on him. Both the prosecutor and the
 
 amici curiae
 
 appearing in behalf of the Industrial Accident Commission now concede that the award is not conclusive and the court, erred in excluding evidence to contradict it, but the
 
 amici curiae
 
 contend that the award is admissible as
 
 prima facie
 
 evidence of the facts stated therein. In strictness the latter point does not directly arise on this appeal, for defendant did not object to the reception of the award in evidence; but since on the new trial which is necessary the question may arise, we express our views regarding it. We are of the opinion that the award is not admissible in this criminal prosecution, either as conclusive upon the defendant or as
 
 prima facie
 
 evidence against him.
 

 In making awards of compensation under the act, the Industrial Accident Commission exercises judicial functions, and is, to all intents and purposes, a court.
 
 (Pacific Coast Cas. Co.
 
 v.
 
 Pillsbury,
 
 (1915) 171 Cal. 319, 322 [153 Pac. 24] ;
 
 Western Metal Supply Co.
 
 v.
 
 Pillsbury,
 
 (1916) 172 Cal. 407, 411 [156 Pac. 491, Ann. Cas. 1917E, 390] ;
 
 Carstens
 
 v.
 
 Pillsbury,
 
 (1916) 172 Cal. 572, 576 [158 Pac. 218].) The proceeding before the commission leading up to an award is civil in its nature and is in substance and effect, though not in form, a civil action, which, as defined in section 30 of the Code of Civil Procedure, is an action ‘1 prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong”. The parties to such a proceeding are the employee or other person entitled to receive compensation, on the one side, and the employer, for whom may be substituted his insurance carrier, on the other. The rule's of evidence and burden of proof in such a proceeding are not those which prevail in a criminal prosecution. The rule of reasonable doubt does not apply to proceedings
 
 *Supp. 771
 
 before the commission. It may take testimony in the absence of the parties, and may receive in evidence unsworn reports on various matters, most of which, however, could not be involved in this criminal prosecution (section 19 of the act., now sections 5701 and 5703, Labor Code), and it is not 1 ‘ bound by the common law or statutory rules of evidence and procedure”. (Sec. 60 of the act, now sec. 5708, Labor Code.)
 

 “A judgment in a civil action is not admissible in a subsequent criminal prosecution, although exactly the same questions are in dispute in both eases, for the reason that the parties are not the same, and different rules as to the weight of the evidence prevail.” (15 R. C. L. 1004; to the same effect, 34 Cor. Jur. 972; 2 Freeman on Judgments, 5th ed., p. 1388, sec. 658.) This rule has been followed in California in
 
 People
 
 v.
 
 Fink,
 
 (1931) 118 Cal. App. 631, 634 [5 Pac. (2d) 641], where it was put upon the ground that the parties are not the same. The rule has found general acceptance elsewhere. In
 
 State
 
 v.
 
 Weil,
 
 (1909) 83 S. C. 478 [65 S. E. 634, 26 L. R. A. (N. S.) 461, 463], the court stated it as follows: “The general rule is that a judgment in a civil action cannot be given in evidence in a criminal action to establish the facts on which it was rendered,” and after stating that the civil judgment in question there was obtained on
 
 ex parte
 
 affidavits and failure of defendant to appear, said further, “If such a judgment should be held as the basis of
 
 res judicata,
 
 or estoppel in a subsequent criminal prosecution, the practical effect would be to annul the rule that in criminal prosecutions the state must establish the defendant’s guilt beyond a reasonable doubt.” In a note to this case at 26 L. R. A. (N. S.) 461, a number of decisions are cited in support of the rule stated in the case. Among the cases declaring this rule are
 
 Britton
 
 v.
 
 State,
 
 (1884) 77 Ala. 202, 209;
 
 Ireland
 
 v.
 
 State,
 
 (1911) 99 Ark. 32 [136 S. W. 947, 952] ;
 
 State
 
 v.
 
 Bradnack,-
 
 (1897) 69 Conn. 212 [37 Atl. 492, 493, 43 L. R. A. 620, 621] ;
 
 Wilcox
 
 v.
 
 State,
 
 (1911) 8 Ga. App. 536 [69 S. E. 1086];
 
 State
 
 v.
 
 Wenz,
 
 (1889) 41 Minn. 196 [42 N. W. 933, 934] ;
 
 State
 
 v.
 
 Ruthkowski,
 
 (1930) 180 Minn. 378 [230 N. W. 818];
 
 State v. Dula,
 
 (1933) 204 N. C. 535 [168 S. E. 836]. The same rule has been applied even where the parties were the same in both the civil and the criminal case.
 
 (Busby
 
 v.
 
 State,
 
 (1907) 51 Tex. Crim. Rep. 289, 307 [103 S. W. 638, 649] (opinion on rehearing);
 
 *Supp. 772
 

 Riker
 
 v.
 
 Hooper,
 
 (1862) 35 Vt. 457, 462 [82 Am. Dec. 646].)
 

 Certain provisions of the act above mentioned are cited to us as establishing a different rule for this ease, but we think none of them has such effect. One of these is section 55, subdivision (b) (now section 5302, Labor Code), reading as follows: “All orders, rules and regulations, findings, decisions and awards of the commission shall be in force and shall be
 
 prima facie
 
 lawful; and all such orders, rules and regulations, findings, decisions and awards shall be conclusively presumed to be reasonable and lawful, until and unless they are modified or set aside by the commission or upon a review by the courts in this act specified and within the time and in the manner herein specified.” Other provisions cited in this connection are the following parts of section 67: “(e) The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; such questions of fact shall include ultimate facts and the findings and conclusions of the commission.” (Now in section 5953, Labor Code.) “(d) . . . No court of this state except the supreme court and the district courts of appeal to the extent herein specified, shall have jurisdiction to review, reverse, correct or annul any order, rule, regulation, decision or award of the commission, or to suspend or delay the operation or execution thereof, or to restrain, enjoin or interfere with the commission in the performance of its duties,” (Now in section 5955, Labor Code.)
 

 It does not appear that the award here has been modified or set aside by the courts, so these provisions, if applicable at all to the present case, would make the award conclusive on the defendant as to the facts of employment and noninsurance ; something which counsel making the argument concedes cannot be done. The correctness of this concession is established by
 
 Manley
 
 v.
 
 Georgia,
 
 (1929) 279 U. S. 1, 6 [49 Sup. Ct. 215, 73 L. Ed. 575, 578], and
 
 Western & A. R.
 
 v.
 
 Henderson,
 
 (1929) 279 U. S. 639, 642 [49 Sup. Ct. 445, 73 L. Ed. 884.]. We are satisfied that none of the provisions above quoted is intended to deal with the question of the reception of an award as evidence in another action or proceeding. Section 67 provides the details of a plan by which review of the awards of the commission by certain courts may be obtained. The portions of that section quoted are parts of that plan and their purpose is merely to limit the
 
 *Supp. 773
 
 review to the courts specified and to restrict the extent of the review to be had even in those courts. The part of section 55 quoted is directed in part to the same object, but it is broader in scope and its general effect and purpose appear to be to create for the decisions of the commission a conclusive character similar to that of judgments of the courts in civil actions.
 

 None of these provisions gives to the decisions of the commission the character of judgments
 
 in rem,
 
 binding upon the world.
 
 (Williams
 
 v.
 
 Southern Pac. Co.,
 
 (1921) 54 Cal. App. 571, 583 [202 Pac. 356].) They all appear, in substantially the same language, in a former act on the same subject, and as there appearing were all considered in
 
 Thaxter
 
 v.
 
 Finn,
 
 (1918) 178 Cal. 270, 273, 274, 275 [173 Pac. 163], In that ease the court quoted and approved the following statement of counsel for the commission: “It is as plain and clear as anything can be made that the statutory specifications for attack upon the awards of the commission were intended to provide the only method of attack, and to preclude any collateral attack which would, or could, be directed to defeating the award itself,
 
 so far as the rights of the immediate parties of the controversy are
 
 concerned(Emphasis ours.) The defendant here did not attempt to attack or defeat the
 
 award,
 
 or to disturb or affect the rights of Reid to the compensation awarded him thereby, or the liability , of defendant to pay such compensation, or to raise any question about it as between him and Reid, who was, of course, not a party to the criminal prosecution. The defendant merely sought to defend himself on a criminal charge by showing that he was not an employer. The provisions of the statute relied on here are not applicable to such a situation.
 

 At the trial no proof was made that defendant had not secured the payment of compensation, except as and if the finding of the commission that defendant was “uninsured” at the time of the injury to Reid may be regarded as such proof. Upon another trial this finding will doubtless be excluded from evidence, and the question will necessarily arise, on whom is the burden of producing evidence in regard to this matter? Subdivision (d) of section 29 of the statute provides, “In any prosecution under this section, the burden of proof shall be upon the defendant to show that
 
 *Supp. 774
 
 he has secured the payment of compensation in one of the two ways set forth in paragraph (a) hereof.” (Now in section 3711, Labor Code.) The allegation that the defendant has not secured the payment of compensation, etc., is a negative allegation and relates to a matter peculiarly within the knowledge of the defendant. If required to prove it the prosecution must resort to the records of the Industrial Accident Commission and also to all the insurance carriers authorized to write compensation insurance in this state, whose records from which the matter can be determined may be remote from the venue of the offense, while the defendant may disprove it, if it is untrue, merely by producing his policy or the order of the commission. In such a case it is proper to put the burden on the defendant. “It is consistent with all the constitutional protections of accused men to throw on them the burden of proving facts peculiarly within their knowledge and hidden from discovery by the government.”
 
 (Casey
 
 v.
 
 United States,
 
 (1928) 276 U. S. 413, 418 [48 Sup. Ct. 373, 72 L. Ed. 632].) To same effect see
 
 Yee Hem
 
 v.
 
 United States,
 
 (1925) 268 U. S. 178 [45 Sup. Ct. 470, 69 L. Ed. 904]. This rule was also recognized in
 
 Morrison
 
 v.
 
 California,
 
 (1934) 291 U. S. 82, 90, 91 [54 Sup. Ct. 281, 78 L. Ed. 664], where the court said, “Por a transfer of the burden, . . . there must be in any event a manifest disparity in convenience of proof and opportunity for knowledge.”
 
 Casey
 
 v.
 
 United States, supra,
 
 and
 
 Yee Hem
 
 v.
 
 United States, supra,
 
 were cited and followed in
 
 People
 
 v.
 
 Osaki,
 
 (1930) 209 Cal. 169, 194 [286 Pac. 1025], The statute here merely embodies the rule that would have been applied to the case in the absence of any statute.
 
 (People
 
 v.
 
 McClain,
 
 (1934) 2 Cal. App. (2d) (Supp.) 751, 758 [33 Pac. (2d) 710].)
 

 The judgment is reversed and the cause is remanded to the municipal court for a new trial.
 

 Bishop, J., and Sehauer, J., concurred.