[No. B163735. Second Dist., Div. Three. Mar. 30, 2004.]

GEORGE SAMPSON, Plaintiff and Appellant, v.
PARKING SERVICE 2000 COM., INC., Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

\*Pursuant to California Rules of Court, Rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 5 and 6 of Discussion.

## Counsel

Lon B. Isaacson Associates, Lon B. Isaacson and Larry D. Johnson for Plaintiff and Appellant.

Scott Gailen for Defendant and Respondent.

## Opinion

**CROSKEY, J.**—Under the Labor Code, if an employer fails to pay overtime compensation, the employee may file a civil action (Lab. Code, § 1194)[1] or may pursue an administrative remedy set forth in sections 98 et seq., by filing a complaint with the Labor Commissioner (hereafter commissioner).[2] Section 1194 provides in pertinent part that an "employee is entitled to recover in a civil action the unpaid balance of the full amount of . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." In this case, we must decide whether the term "civil action" as it appears in section 1194 means only actions filed in court, or whether it also includes administrative proceedings before the commissioner to recover overtime wages. We conclude that a civil action is one filed in court. We further conclude that because appellant George Sampson (Sampson) elected to pursue his administrative remedy, his right to recover attorney fees is not governed by section 1194, but by section 98.2, subdivision (c).[3] The right to recover attorney fees in that code section is limited to those fees incurred on appeal from the commissioner's decision. On this basis, we affirm the trial court's order limiting Sampson's attorney fees to those incurred in the trial de novo following his employer's appeal of the commissioner's decision.

In the unpublished portion of this opinion, we reject Sampson's challenge to the amount of the attorney fees awarded.

---

[1] Labor Code section 1194 provides: "(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to *recover in a civil action* the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. [¶] (b) The amendments made to this section by Chapter 825 of the Statutes of 1991 shall apply only to *civil actions* commenced on or after January 1, 1992." (Italics added.)

Unless otherwise indicated, all further statutory references are to the Labor Code.

[2] The commissioner is the chief of the Division of Labor Standards Enforcement of the Division of Industrial Relations. (§§ 21, 79, 82.)

[3] Section 98.2, subdivision (c) provides: "If the party seeking review by filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal. An employee is successful if the court awards an amount greater than zero."

## FACTUAL AND PROCEDURAL BACKGROUND

Sampson filed a wage claim with the Division of Labor Standards Enforcement (i.e., the commissioner) against his former employer Parking Service 2000 Com., Inc. (employer). Sampson had worked for more than 16 months as a manager for employer at employer's car wash and detail operation at Mountaingate Country Club. After Sampson was fired, he sought to recover, among other things, overtime compensation because employer had erroneously considered him to be an employee exempt from overtime. In addition to alleging failure to pay overtime compensation, Sampson's administrative complaint alleged that employer had failed to pay wages, vacation pay, and tips, totaling about $57,712. The complaint also sought "waiting time" penalties. (§ 203.)

Sampson retained counsel (hereafter attorneys) to represent him before the commissioner. In addition to preparing the administrative complaint, attorneys interviewed potential witnesses and subpoenaed business records from Mountaingate Country Club and employer. These records included individual receipts reflecting tips and provided a basis from which attorneys could estimate the number of hours Sampson worked during his employment. The attorneys also attended settlement conferences before participating in the two-day administrative hearing. Following the administrative hearing, the hearing officer decided in Sampson's favor and awarded him approximately $58,350.

Employer challenged the decision and timely sought a trial de novo in the superior court. (§ 98.2, subd. (a).) After a five-day court trial, the court entered a judgment awarding Sampson $29,277. The award included $11,812 in overtime compensation; $8,750 in unpaid tips; $500 in unpaid vacation; $2,965 in interest; and $5,250 in waiting time penalties.

Sampson filed a posttrial motion requesting $45,597.78 in statutory attorney fees and costs under section 1194. The request for fees included those Sampson incurred during the administrative proceeding and during the trial de novo in superior court. Employer opposed the motion, contending that Sampson was only entitled to statutory fees under section 98.2, subdivision (c), which limited the recovery of fees to those incurred during the trial de novo in superior court.

The trial court concluded that the administrative proceeding before the commissioner was not a "civil action" within the meaning of section 1194. Therefore, it limited Sampson's fees to those incurred during the trial de novo. Sampson incurred $15,235 in attorney fees following his employer's request for a trial de novo. The trial court awarded him $6,750. Sampson

timely filed this appeal contesting the attorney fees order on the grounds that the trial court erred in its interpretation of section 1194 and abused its discretion in determining the amount of attorney fees awarded.[4]

## CONTENTIONS

Sampson contends that section 1194 applies to administrative proceedings before the commissioner. That argument necessarily depends upon the meaning of the term "civil action" as used in section 1194. Sampson principally asserts that because section 1194 does not define "civil action," we should import the definition of that term from section 30 of the Code of Civil Procedure. That code section, according to Sampson, defines a civil action as an action "prosecuted by one party against another for the declaration, enforcement or protection of a right," which, in his view, includes an overtime compensation claim prosecuted before the commissioner.

## DISCUSSION

### 1. *Standard of Review*

We exercise our independent review to determine whether the Legislature intended the term "civil action" as it appears in section 1194 ("the employee is entitled to recover in a civil action . . . reasonable attorney's fees") to mean only actions in a court of justice or to include administrative proceedings before the commissioner. (Cf. *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 357 [127 Cal.Rptr.2d 516, 58 P.3d 367]; *Earley v. Superior Court* (2000) 79 Cal.App.4th 1420, 1426 [95 Cal.Rptr.2d 57] *(Earley)*; *Californians for Population Stabilization v. Hewlett-Packard Co.* (1997) 58 Cal.App.4th 273, 294 [67 Cal.Rptr.2d 621].)

### 2. *Overview of Administrative and Judicial Remedies to Recover Unpaid Wages*

Sampson urges on appeal that section 1194 applies irrespective of whether he initiated his overtime compensation claim in a judicial or administrative

---

[4] At the outset, we summarily dispose of two procedural issues affecting standing. First, the notice of appeal states that "George Sampson and his attorneys Lon B. Isaacson Associates appeal" from the judgment. Sampson's attorneys are not a party of record and have no standing to appeal. Sampson's reliance on *20th Century Ins. Co. v. Choong* (2000) 79 Cal.App.4th 1274 [94 Cal.Rptr.2d 753], is misplaced. In that case, the attorney-employer had standing to appeal a monetary sanction imposed on an attorney-employee. (*Id.* at pp. 1276–1277.) The situation here is not analogous. Thus, we construe the appeal as Sampson's appeal of the denial of his attorneys' fees.

Second, although the attorney fees order was in Sampson's favor, because it was significantly less than he requested it was "unfavorable," thus rendering him an "aggrieved" party for purposes of this appeal. (See generally, *Hensley v. Hensley* (1987) 190 Cal.App.3d 895, 899 [235 Cal.Rptr. 684].)

forum. Sampson's argument requires us to review the procedural context in which this attorney fees dispute arises.

Under the Labor Code, "If an employer fails to pay wages in the amount, time or manner required by contract or by statute, the employee has two principal options. The employee may seek *judicial* relief by filing an ordinary civil action against the employer for breach of contract and/or for the wages prescribed by statute. (§§ 218, 1194.) Or the employee may seek *administrative* relief by filing a wage claim with the commissioner pursuant to a special statutory scheme codified in sections 98 to 98.8." (*Cuadra v. Millan* (1998) 17 Cal.4th 855, 858 [72 Cal.Rptr.2d 687, 952 P.2d 704] [italics in original], disapproved on another ground in *Samuels v. Mix* (1999) 22 Cal.4th 1, 16, fn. 4 [91 Cal.Rptr.2d 273, 989 P.2d 701]; see also *Smith v. Rae-Venter Law Group, supra,* 29 Cal.4th at p. 355.)[5]

      a.  *Employee's Administrative Remedy in Sections 98 through 98.2*

Sampson filed an administrative complaint with the commissioner to recover overtime compensation and unpaid wages. Labor Code sections 98 through 98.2 confers authority on the commissioner to adjudicate these wage claims through an administrative process. In *Post v. Palo/Haklar & Associates* (2000) 23 Cal.4th 942, 946–948 [98 Cal.Rptr.2d 671, 4 P.3d 928] (*Post*), our Supreme Court summarized that administrative process:

"The commissioner may investigate complaints; his or her powers include the right to make inspections, subpoena witnesses and documents, and conduct examinations of witnesses. (See Lab. Code, §§ 74, 92.) Within 30 days of the filing of a complaint, the commissioner must notify parties as to whether he or she will take further action. (*Id.,* § 98, subd. (a).) The statute provides for three alternatives: the commissioner may either accept the matter and conduct an administrative hearing (see *id.,* §§ 98–98.2), prosecute a civil action for the collection of wages and other money payable to employees arising out of an employment relationship (see *id.,* § 98.3), or take no further action on the complaint. (*Id.,* § 98, subd. (a).)

"If the commissioner decides to accept the matter and conduct an administrative hearing—commonly known as a 'Berman hearing' after the name of its sponsor, then Assemblyman Howard Berman—he or she must hold the

---

[5] Other administrative remedies are available but are not at issue here. (See, e.g., §§ 98.3, subd. (a) [action by commissioner to recover unpaid wages], 1193.6 [civil action by commissioner to recover unpaid minimum wages and overtime compensation], 210 [independent civil action by commissioner to recover civil penalties], 225.5 [independent civil action by commissioner to recover civil penalties].)

hearing within 90 days, although he or she has discretion to 'postpone or grant additional time before setting a hearing if the [commissioner] finds that it would lead to an equitable and just resolution of the dispute.' (Lab. Code, § 98, subd. (a).)

"Labor Code section 98, subdivision (a), expressly declares the legislative intent that hearings be conducted 'in an informal setting preserving the right of the parties.' The Berman hearing procedure is designed to provide a speedy, informal, and affordable method of resolving wage claims. (*Cuadra v. Millan*, *supra*, 17 Cal.4th at p. 858.) As we explained in *Cuadra*, 'the purpose of the Berman hearing procedure is to avoid recourse to costly and time-consuming judicial proceedings in all but the most complex of wage claims.' (*Id.* at p. 869.) [¶]. . .[¶]

"Within 15 days after the Berman hearing is concluded, the commissioner must file a copy of his or her order, decision, or award and serve notice thereof on the parties. (Lab. Code, § 98.1.) The order, decision, or award must include a summary of the hearing and the reasons for the decision, and must advise the parties of their right to appeal. (*Ibid.*)

"Within 10 days after service of notice, the parties may seek review by filing an appeal to the municipal or superior court 'in accordance with the appropriate rules of jurisdiction, where the appeal shall be heard de novo.' (Labor Code, § 98.2, subd. (a).) The timely filing of a notice of appeal forestalls the commissioner's decision, terminates his or her jurisdiction, and vests jurisdiction to conduct a hearing de novo in the appropriate court. (*Pressler v. Donald L. Bren Co.* (1982) 32 Cal.3d 831, 835 [187 Cal.Rptr. 449, 654 P.2d 219].) If no party takes an appeal, the commissioner's decision will be deemed a judgment, final immediately and enforceable as a judgment in a civil action. (Lab. Code, § 98.2, subd. (a); see generally 1 Wilcox, Cal. Employment Law (2000) §§ 5.10 to 5.19, pp. 5-18 to 5-52.)

"Although denoted an 'appeal,' unlike a conventional appeal in a civil action, hearing under the Labor Code is de novo. (Lab. Code, § 98.2, subd. (a).) ' "A hearing *de novo* [under Labor Code section 98.2] literally means a new hearing," that is, a new trial.' (*Pressler v. Donald L. Bren Co.*, *supra*, 32 Cal.3d at p. 835.) The decision of the commissioner is 'entitled to no weight whatsoever, and the proceedings are truly "a trial anew in the fullest sense." ' (*Sales Dimensions v. Superior Court* (1979) 90 Cal.App.3d 757, 763 [153 Cal.Rptr. 690].) The decision of the trial court, after de novo hearing, is subject to a conventional appeal to an appropriate appellate court. (1 Wilcox, Cal. Employment Law, *supra*, § 5.18[2] [a], p. 5-46.) Review is of

the facts presented to the trial court, which may include entirely new evidence. (See *Nordquist v. McGraw-Hill Broadcasting Co.* (1995) 32 Cal.App.4th 555, 561 [38 Cal.Rptr.2d 221]; 1 Wilcox, Cal. Employment Law, *supra*, § 5.18[3], p. 5-49.)"[6]

### b. *Employee's Judicial Remedy in Sections 218 and 1194*

■    The administrative procedure, however, is not an exclusive remedy. The employee may seek judicial relief by filing a court action against the employer for breach of contract and/or for the wages prescribed by statute. (§§ 218, 1194.) Section 218[7] authorizes an employee or his or her assignee to "sue directly" for any unpaid wages or penalty owed under the Labor Code. Section 1194 provides an additional remedy to file a civil action to resolve unlawful failure to pay minimum wage and overtime compensation. (See fn. 1, *ante.*)

### c. *The Statutory Attorney Fees Provisions in the Administrative Remedy and Judicial Remedy are not Identical*

#### 1) *Attorney Fees Provision in Administrative Remedy*

Because of the "informal nature of the Berman hearing, the commissioner has no occasion to consider, much less award, attorney fees or costs in the administrative proceeding . . . ." (*Smith v. Rae-Venter Law Group, supra,* 29 Cal.4th at p. 368.) Section 98.2, subdivision (c), however, provides for an award of attorney fees and costs against a party who appeals the commissioner's award by seeking a trial de novo in the superior court and is "unsuccessful in the appeal." (See fn. 2, *ante.*)

In *Smith v. Rae-Venter Law Group, supra,* 29 Cal.4th 345 (superseded by the 2003 amend. to section 98.2, subdivision (c)), our Supreme Court interpreted the attorney fees provision in section 98.2, subdivision (c).[8] The

---

[6] The decision of the reviewing court, following a trial de novo, is subject to a conventional appeal. (*Peer v. California Industries for the Blind, Inc.* (1979) 95 Cal.App.3d 945, 947 [157 Cal.Rptr. 464].)

[7] Section 218 provides: "Nothing in this article shall limit the authority of the district attorney of any county or prosecuting attorney of any city to prosecute actions, either civil or criminal, for violations of this article or to enforce the provisions thereof independently and without specific direction of the division. Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."

[8] In 2003, the Legislature amended section 98.2, subdivision (c). The amended language states: "An employee is successful if the court awards an amount greater than zero." (*Ibid.*) The Legislature's express intent in enacting this amendment states: "It is the intent of the Legislature, in enacting this act, to overturn the decision in *Smith v. Rae-Venter Law Group,* [*supra,*] 29 Cal.4th 345." (Stats. 2003, ch. 93, § 2.)

court determined the meaning and nature of the requirement that the appealing party be "unsuccessful in the appeal" in order for the fee-shifting provision to take effect. (*Smith,* at p. 357.) Earlier cases had held that the fee-shifting provision applied only when the judgment of the trial court completely eliminated the commissioner's award. (*Id.* at pp. 364–369.) The *Smith* court rejected that rule. It concluded instead that a party (either employee or employer) who seeks review of the commissioner's award is successful in the appeal (and not liable for the other party's fees and costs on appeal) when the resulting judgment is more favorable to the appealing party than the administrative award from which the appeal had been taken. (*Id.* at p. 370.) Because this decision changed a settled rule of law, the *Smith* court gave its decision prospective application only. (*Id.* at pp. 372–373.)[9]

### 2) *Attorney Fees Provisions in Judicial Remedy*

The judicial remedy contains two pertinent attorney fees provisions. Section 1194, the statute at issue here, provides for the award of reasonable attorney's fees to the *employee* in a civil action to recover unpaid minimum wages and overtime compensation. Section 218.5 also provides for the award of reasonable attorney's fees to the *prevailing party* in an "action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions."[10]

In *Earley, supra,* 79 Cal.App.4th 1420, we resolved an apparent conflict between the attorney fees provisions of sections 1194 and 218.5. In that case, both sections 1194 and 218.5 potentially applied to determine the recovery of attorney fees in an action seeking overtime compensation, but established different attorney fees rules. Section 218.5 awarded fees to the prevailing party, while section 1194 awarded fees to the employee. We discussed the

---

[9] The judgment was entered in this case before *Smith v. Rae-Venter Law Group, supra,* 29 Cal.4th 345, was decided. Thus, *Smith* has no application to this case.

[10] Section 218.5 now provides: "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action This section shall not apply to an action brought by the Labor Commissioner. This section shall not apply to a surety issuing a bond pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code or to an action to enforce a mechanics lien brought under Chapter 2 (commencing with Section 3109) of Title 15 of Part 4 of Division 3 of the Civil Code.

"This section does not apply to any action for which attorney's fees are recoverable under section 1194."

potential conflict between the code sections, and concluded that the Legislature intended that section 1194 alone applies to civil actions seeking to recover unpaid overtime compensation, even though such claims could be construed as seeking payment of wages under section 218.5.

We explained in *Earley*: "The only reasonable interpretation which would avoid nullification of section 1194 would be one which bars employers from relying on section 218.5 to recover fees in any action for *minimum* wages or *overtime* compensation. Section 218.5 would still be available for an action brought to recover nonpayment of contractually agreed-upon or bargained-for 'wages . . . .' [Fn. omitted.] [¶] Such a harmonization of these two sections is fully justified. An employee's right to wages and overtime compensation clearly have different sources. Straight-time wages . . . are a matter of private contract between the employer and employee. Entitlement to overtime compensation, on the other hand, is mandated by statute and is based on an important public policy." (*Earley*, 79 Cal.App.4th at p. 1430.) After reviewing the strong public policy in enforcing violations of overtime compensation laws, we concluded that section 1194 alone applies to attorney fees in overtime compensation claims. (*Earley*, at pp. 1430–1431.)[11]

The only other case relied on by the parties to aid our interpretation of the attorney fees provision of section 1194 is *Bell v. Farmers Ins. Exchange* (2001) 87 Cal.App.4th 805 [105 Cal.Rptr.2d 59]. In that case, the court concluded that section 1194 did not authorize an interim award of attorney's fees in protracted class action litigation to recover overtime compensation. (*Bell*, at pp. 829–833.)

Given this dearth of authority, our task here is to construe section 1194 to determine whether it also applies to administrative proceedings before the commissioner to recover overtime compensation.

### 3. *Section 1194 Does Not Apply to Administrative Proceedings Before the Commissioner to Recover Overtime Compensation*

Section 1194 reads in pertinent part: "any employee receiving less than . . . the legal overtime compensation applicable to the employee is *entitled to recover in a civil action* the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." (Italics added.)

The parties disagree on whether "civil action" as used in section 1194 refers also to administrative proceedings. Sampson asserts that based on Code

---

[11] The Legislature amended section 218.5 to reflect our holding in *Earley*, *supra*, 79 Cal.App.4th 1420. (See fn. 9, *ante*.)

of Civil Procedure section 30, a civil action is any action "prosecuted by one party against another for the declaration, enforcement, or protection of a right," which necessarily includes an administrative proceeding to recover overtime compensation. Employer disagrees and asserts that the trial court correctly determined that an administrative proceeding before the commissioner is not a civil action as that term is used in section 1194.

■    After consideration of the plain meaning of "civil action," its statutory context, and the legislative purpose and intent in creating the alternative administrative remedy in the Labor Code to recover unpaid wages, we find ourselves in agreement with employer. A civil action as used in section 1194 means a court action, not an administrative proceeding under section 98. Because an administrative proceeding is not a civil action, Sampson's right to recover attorney fees is governed by section 98.2, subdivision (c), the attorney fees provision in the administrative remedy, not section 1194.

>    a.   *The Legislative Intent of Section 1194 is Clear; A Civil Action is an Action Filed in Court*

■    Our role in construing section 1194 is to ascertain and give effect to the Legislature's intent. The "touchstone" of statutory interpretation is the probable intent of the Legislature. (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) When interpreting a statute, "we must 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (*Ibid.*) Our first step in determining that intent "is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning." (*Id.* at p. 633.)

■    The phrase "civil action" is plain and not reasonably susceptible to more than one interpretation. Although the Labor Code does not define civil action, that term is defined in the Code of Civil Procedure. Sampson solely focuses on section 30 of the Code of Civil Procedure, which defines a civil action as one "prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong." Sampson, however, ignores the statutory context of section 30 of the Code of Civil Procedure. In context, the term "civil action" unambiguously refers to a court action.

We begin with section 22 of the Code of Civil Procedure which provides: "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

The statutory scheme then states that there are two kinds of actions, civil and criminal. (Code Civ. Proc., § 24.) Next, it provides that a civil action arises out of an obligation or injury, defining each of those terms (Code Civ. Proc., §§ 25–29), and sets forth the principal characteristics of a civil action, distinguishing it from a criminal action (Code Civ. Proc., § 30). Following these sections, all of which are devoted to civil actions, the next section states: "The Penal Code defines and provides for the prosecution of a criminal action." (Code Civ. Proc., § 31.)

■ When read in context, Code of Civil Procedure section 30 provides no support to Sampson. The relevant and dispositive definition of "civil action" is set out in section 22 of the Code of Civil Procedure, which is defined as a proceeding in a court of justice. We see no reason to depart from this definition when the term "civil action" is used in the Labor Code. Thus, a civil action as used in section 1194 is an action filed in court.

In a letter to the court following oral argument, Sampson argues that such a construction of the term "civil action" violates settled principles of statutory construction. Specifically, he argues that to read the phrase "in a court of justice" contained in section 22 of the Code of Civil Procedure into section 30 of that code would render the latter section superfluous. (See *In re J. W.* (2002) 29 Cal.4th 200, 209 [126 Cal.Rptr.2d 897, 57 P.3d 363].) Alternatively, Sampson contends that under the principle, commonly known under the Latin name *expressio unius est exclusio alterius*, that is, the expression of one thing in a statute ordinarily implies the exclusion of other things, if the Legislature had intended to define a civil action as one prosecuted in a "court of justice," it would have said so in section 30 of the Code of Civil Procedure. We are not persuaded.

■ Neither of these arguments has any merit. Both ignore the statutory context of section 30 of the Code of Civil Procedure. Moreover, these principles of statutory construction are not applied if to do so would defeat the legislative intent or produce an absurd result. (*People v. Rizo* (2000) 22 Cal.4th 681, 687 [94 Cal.Rptr.2d 375, 996 P.2d 27].) The construction of section 30 of the Code of Civil Procedure that Sampson urges here leads to an absurd result not intended by the Legislature, primarily because it ignores the statutory context in which section 30 appears. When read in such context, the plain meaning of a civil action in the Code of Civil Procedure is a type of action filed in court.

In addition, even though the Labor Code does not define "civil action," the context in which that phrase is used in that code unambiguously refers to an action filed in court. Under the Labor Code, the Division of Labor Standards Enforcement (i.e., the commissioner) may "commence and prosecute a civil

action to recover unpaid minimum wages or unpaid overtime compensation." (§ 1193.6, subd. (a).)[12] This clearly contemplates a civil action *filed by the commissioner* in court. (See also §§ 210, 225.5 [commissioner may bring an "independent civil action" to recover civil penalty for failure to pay wages].) It would be illogical and absurd to construe "civil action" to refer to administrative proceedings *before the commissioner*, when the Labor Code confers authority *on the commissioner* to prosecute a civil action for overtime compensation.

We reject Sampson's contention that *People v. Barker* (1938) 29 Cal.App.2d Supp. 766 [77 P.2d 321], supports his construction of the term "civil action." In that case, the court determined whether evidence of an award of the Industrial Accident Commission (now Workers' Compensation Appeals Board) was admissible in a criminal prosecution to prove that the defendant was an employer. Sampson cites the following, which he argues provides support for his position: "The proceeding before the commission leading up to an award is civil in its nature and is in substance and effect, though not in form a civil action, which, as defined in section 30 of the Code of Civil Procedure is an action 'prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong'." (*Id.* at p. 770.) The *Barker* court, however, was merely attempting to illustrate the difference between the burden of proof required in a criminal case and that required in a civil case. Based on that distinction, the court determined that the evidence of the commission's award was inadmissible. (*Id.* at pp. 770–773.) *Barker* did not hold that administrative proceedings are civil actions.

In sum, we read the phrase in section 1194 "to recover in a civil action the unpaid balance of the full amount of . . . overtime compensation," to mean recovery in a court action, not in an administrative proceeding before the commissioner. Any other construction would run counter to both the plain meaning of the Code of Civil Procedure, the Labor Code, and common sense.

> b. *The Attorney Fees Provision in the Administrative Remedy Controls*

In addition, Sampson's construction of section 1194 cannot be reconciled with the Legislature's purpose in providing an administrative forum for

---

[12] Section 1193.6, subdivision (a) provides: "The department or division may, with or without the consent of the employee or employees affected, commence and prosecute a civil action to recover unpaid minimum wages or unpaid overtime compensation, including interest thereon, owing to any employee under this chapter or the orders of the commission, and, in addition to these wages, compensation, and interest, shall be awarded reasonable attorney's fees, and costs of suit. The consent of any employee to the bringing of this action shall constitute a waiver on the part of the employee of his or her cause of action under Section 1194 unless the action is dismissed without prejudice by the department or the division."

the resolution of wage disputes. Statutes must be harmonized, both internally and with each other whenever possible. (*Pacific Legal Foundation v. Unemployment Ins. Appeals Bd.* (1981) 29 Cal.3d 101, 114 [172 Cal.Rptr. 194, 624 P.2d 244]; see also *Legacy Group v. City of Wasco* (2003) 106 Cal.App.4th 1305, 1313 [131 Cal.Rptr.2d 460] [statutory construction that produces internal harmony are preferred].) Conversely, we reject a construction, such as the one Sampson urges, that creates disharmony between statutes.

Sampson's construction cannot be harmonized because it improperly blurs the well-drawn lines between the administrative and judicial remedy in the Labor Code to resolve wage disputes. Our Supreme Court has consistently recognized the well-settled principle that an employee has the option of pursuing one or the other remedy. (*Cuadra v. Millan, supra,* 17 Cal.4th 858; see also *Smith v. Rae-Venter Law Group, supra,* 29 Cal.4th at p. 355; *Post, supra,* 23 Cal.4th at p. 946.) For example, in *Cuadra v. Millan, supra,* 17 Cal.4th 858, the court addressed a conflict in determining the date of the commencement of an action for unpaid wages when an employee had filed a court action as opposed to an administrative complaint with the commissioner. (*Id.* at pp. 859–860.) The court recognized the distinct options available to the employee to prosecute a wage claim, and ultimately reconciled the date of commencement of an action so that an employee would not be penalized by receiving a smaller award on the same wage claim if he or she invoked the Berman hearing rather than filing a civil action. (*Id.* at p. 870.)

Moreover, as stated: "The purpose of the Berman hearing procedure is to avoid recourse to costly and time-consuming judicial proceedings in all but the most complex of wage claims." (*Cuadra v. Millan, supra,* 17 Cal.4th at p. 858.) Applying section 1194 to administrative proceedings does not serve that purpose because to do so would eliminate the cost benefit to proceeding in the administrative forum. Indeed, consistent with that purpose, section 98.2, subdivision (c), limits the recoverability of attorney fees to those incurred following the Berman hearing procedure. In addition, the fact that section 98.2, subdivision (c), is contained in the same chapter as the administrative remedy is a strong indication that the Legislature intended that attorney fees provision, and not section 1194, to be the sole basis for recovery of attorney fees in wage disputes brought under the Berman hearing procedure. To read section 1194 as applicable to administrative proceedings would render section 98.2, subdivision (c), meaningless and without actual application. A settled rule of statutory construction requires that we give effect and meaning to all parts of the law if possible and to avoid an interpretation that renders statutory language superfluous. (*Agnew v. State Bd. of Equalization* (1999) 21 Cal.4th 310, 330 [87 Cal.Rptr.2d 423, 981 P.2d 52].) We would violate this rule if we were to construe section 1194 as the

controlling attorney fees provision in administrative proceedings. Such a construction would render section 98.2, subdivision (c), mere surplusage.

Sampson counters that section 98.2, subdivision (c), is not applicable here because it is silent on the recoverability of attorney fees incurred during the administrative proceedings before the commissioner, and had the Legislature intended it to apply to administrative proceedings, it would have said so. Rather, we would expect the contrary; if the Legislature had intended to award attorney fees during administrative proceedings it would have said so in section 98.2, subdivision (c), or elsewhere in the special statutory scheme setting forth the Berman hearing procedure.

In a similar vein, Sampson suggests that by a parity of reasoning to our decision in *Earley, supra,* 79 Cal.App.4th 1420, we should construe section 1194 as the only statutory attorney fees provision applicable to overtime compensation claims. Section 98.2, subdivision (c), would apply to all other wage claims brought before the commissioner. Sampson's argument misreads *Earley.* Our decision in *Earley* was based on a recognition of potentially overlapping attorney fees statutes in a civil action to recover unpaid overtime compensation. The same cannot be said here. There is no reason to believe that the Legislature intended to permit the recovery of attorney fees in any type of claim filed with the commissioner. Thus, there is no potential conflicting attorney fees provisions to reconcile.

Our conclusion is in harmony with the legislative purpose in providing an alternative administrative forum. As we have noted, the legislative history of section 98, et seq., reveals the Legislature's intent to provide "a speedy, informal, and affordable method of resolving wage claims." (*Cuadra v. Millan, supra,* 17 Cal.4th at pp. 858.) The administrative remedy provides specific time requirements to assure that any dispute over wages is promptly resolved to achieve the public policy of the prompt payment of wages.

While the legislative history of section 98.2, subdivision (c), does not have as its "paramount purpose" the prompt payment of wages, its purpose is "the promotion of the finality of the commissioner's decisions and awards by discouraging frivolous appeals to the courts by either party." (*Smith v. Rae-Venter Law Group, supra,* 29 Cal.4th at p. 360; see also *Lolley v. Campbell* (2002) 28 Cal.4th 367, 376 [121 Cal.Rptr.2d 571, 48 P.3d 1128] [Section 98.2, subdivision (c), was intended to "discourag[e] unmeritorious appeals of wage claims, thereby reducing the costs and delays of prolonged disputes, by imposing the full costs of litigation on the unsuccessful appellant. . . . Discouraging meritless appeals is consonant with the general purpose of section 98 et seq . . . .' [Citation.]."].) The Legislature apparently has concluded that any other fee-shifting provision would not serve the

overall purpose of the administrative remedy. We cannot rewrite the Labor Code to give Sampson the benefits of the administrative remedy, that is the prompt payment of wages, and the benefits of recovering all his attorney fees to prosecute his claim under the judicial remedy. We therefore conclude that if an employee pursues an administrative remedy under section 98 to recover overtime compensation, the sole right to recover attorney fees is governed by section 98.2, subdivision (c), and not section 1194.

We acknowledge Sampson's argument that, given our construction of section 1194, an employee might be discouraged from choosing an administrative remedy and instead proceed to court to ensure the recovery of all of his or her attorney fees. But we disagree with Sampson that our conclusion has the unintended result of eliminating the efficiency and efficacy of the administrative remedy. Here, we decide only that under the Labor Code an employee who initially files a complaint with the commissioner bears the cost to proceed in the administrative forum. Administrative relief remains an expeditious and economical way to obtain unpaid wages and overtime compensation, and the attorney fees provision of section 98.2, subdivision (c), creates a disincentive to delay payment through unmeritorious appeals to the superior court. While a civil action may ensure the recovery of all the attorney fees incurred to prosecute an overtime compensation claim, it may also result in the delay in the payment of overtime compensation because of protracted litigation and appeals. The employee must weigh the benefits and risks of the two options the Legislature has established to prosecute an overtime compensation claim, and choose one or the other option.

■ Sampson made his choice to invoke the administrative remedy. Perhaps with the aid of his attorneys, Sampson achieved greater success in the administrative forum than he otherwise would have obtained without his attorneys. That is a cost Sampson must bear. By statute, he is only entitled to attorney fees incurred after his employer sought a trial de novo following the commissioner's decision. (§ 98.2, subd. (c).) Thus, the trial court correctly concluded Sampson was not entitled to fees incurred during the administrative proceedings.

### 4. *The Trial Court Did Not Err in Limiting Sampson's Attorney Fees to those Incurred During the Trial De Novo*

Sampson presents two additional arguments that he was entitled to recover his attorney fees incurred before the trial de novo. Neither has merit.

First, Sampson contends that he is entitled to recover all of the attorney fees he incurred because the trial de novo was a "civil action" and was simply a "continuation" of the administrative proceeding. In support of this

argument, Sampson relies on *Gipe v. Superior Court* (1981) 124 Cal.App.3d 617 [177 Cal.Rptr. 590]. His reliance is misplaced.

In *Gipe, supra*, 124 Cal.App.3d 617, the court granted a peremptory writ of mandate commanding the appellate department of the superior court to vacate its order disqualifying the commissioner from representing a wage claimant on appeal following a trial de novo. The commissioner had represented the wage claimant in the de novo proceeding but the employer successfully contended that section 98.4[13] did not entitle the claimant to representation on appeal following the de novo proceeding. (*Gipe*, at p. 622.) The *Gipe* court vacated the appellate department's order, pointing out that section 98.4 authorized representation in the "de novo proceedings provided for in Section 98.2." (*Gipe,* at p. 625.) The court construed "proceedings" to include an appeal following a trial de novo. (*Id.* at pp. 625–626.) It reasoned: "The de novo proceedings referred to in section 98.2 and 98.4 obviously were intended to result in a judgment; a judgment imports a judgment correct under the law; and it will in some cases require an appeal to obtain a legally correct judgment. It is established that an appeal from the judgment entered in the de novo proceedings is appropriate . . . and there is nothing in either section 98.2 or 98.4 suggesting that an appeal from the judgment rendered in the de novo proceedings is not to be considered one stage of those proceedings. [Citations.]" (*Id.* at p. 626.)

Contrary to Sampson's argument, *Gipe, supra*, 124 Cal.App.3d at page 626, did not hold that administrative proceedings before the commissioner are simply one stage of the de novo proceeding. The decision simply construed the right to representation on appeal following a de novo hearing. It did not even discuss the administrative proceedings before the commissioner. Even by analogy, *Gipe* is not authority for the proposition that the administrative hearing before the commissioner is one step in the de novo proceeding. It is well settled that the trial de novo following the commissioner's decision wipes the slate clean; the commissioner's decision is given no weight, and both parties have an opportunity to present their case anew in a court proceeding. (*Post, supra*, 23 Cal.4th at pp. 947–948.)

Second, in a variation of the same argument, Sampson contends that because the administrative proceeding was "useful and necessary" to proceed to a trial de novo, he is entitled to recover all his attorney fees incurred before and after employer's challenge of the commissioner's decision seeking

---

[13] Section 98.4 provides: "The Labor Commissioner may, upon the request of a claimant financially unable to afford counsel, represent such claimant in the de novo proceedings provided for in Section 98.2. In the event that such claimant is attempting to uphold the amount awarded by the Labor Commissioner and is not objecting to any part of the Labor Commissioner's final order, the Labor Commissioner shall represent the claimant."

a trial de novo. In support of this argument, Sampson principally relies on *Best v. California Apprenticeship Council* (1987) 193 Cal.App.3d 1448 [240 Cal.Rptr. 1], in which the court determined that "action" in Code of Civil Procedure section 1021.5 (the private attorney general doctrine), encompassed administrative proceedings that were useful and necessary to the public interest litigation. (*Best,* at pp. 1459–1460.) The *Best* court's rationale rests on the premise that in public interest litigation the administrative proceeding and civil proceeding are interconnected. Indeed, it reasoned that "the fact that the vindication of the public interest was sought beginning in an administrative rather than judicial forum should not be allowed to frustrate the legislative intent of encouraging public interest litigation." (*Id.* at p. 1461, fn. omitted.)

In a statement relevant here, the *Best* court further noted that the administrative proceedings in that case were not optional but rather represented a "single legal course." (*Best v. California Apprenticeship Council, supra,* 193 Cal.App.3d at p. 1461.) The same cannot be said here. Sampson first pursued his claim for unpaid overtime compensation by filing an administrative complaint with the commissioner. The trial de novo following the commissioner's decision was not a continuation of the administrative proceeding, nor a prerequisite to a court action, but a legal option contained in the administrative remedy that resulted in a new trial. We therefore find *Best* unpersuasive under the circumstances of this case.

In sum, we find no statutory or legal basis to conclude that Sampson is entitled to recover attorney fees incurred during the administrative proceeding before the commissioner. Based on this conclusion, we also find no statutory basis to award Sampson fees in this unsuccessful appeal.[14]

### 5.–6.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## *DISPOSITION*

The award of attorney fees is affirmed. This matter is remanded so that the trial court may modify the judgment pursuant to Code of Civil Procedure

---

[14] Because employer did not request statutory fees on appeal, we do not address whether it would have been entitled to attorney fees under section 98.2, subdivision (c). Employer, however, sought attorney fees as a sanction against Sampson for filing a frivolous appeal. We conclude that sanctions are not warranted. We likewise reject Sampson's request for sanctions against employer.

*See footnote, *ante*, page 212.

section 473 to delete Mo Amon as a judgment debtor. Sampson's request for sanctions is denied. Employer's request for sanctions is denied. Employer is entitled to costs on appeal.

Klein, P. J., and Kitching, J., concurred.

A petition for a rehearing was denied April 28, 2004, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied June 9, 2004.